# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## SEPTEMBER TERM, 1895.

CASE 1—PETITION EQUITY—SEPTEMBER 21.

## Lee, &c., v. Vanmeter & Estes.

APPEAL FROM MARION CIRCUIT COURT.

THE LIEN WHICH THE STATUTE GIVES TO THE KEEPER OF A LIV-
ERY STABLE for his reasonable charges for caring for and feeding
live stock is inferior to a mortgage lien existing upon the stock
at the time it came into his possession.

THOMPSON AND McCHORD FOR APPELLANTS.

An agister's lien can not prevail against a prior mortgage lien.
(Gen. Stats., pp. 879, 880; Lyons v. Deppen &c., 12 Ky. Law Rep.,
205; Wright v. Rothschild's Sons & Co., 13 Ky. Law Rep., 336.)

H. B. COOPER FOR APPELLEES.

An agister's lien for his reasonable charges for feeding and
caring for stock is paramount to the lien of a mortgage where
the mortgagor places the stock in the agister's possession. (Fitch
v. Steagall, 14 Bush, 230; Case v. Allen, 30 Am. Rep., 425; John-
son v. Hill, 3 Starkie, 172; Williams v. Allsop, 10 C. B. (N. S.),
417; Scott v. Delahunt, 5 Lans, 372; Brown's Admiralty, p. 204;
Brown v. Hohnes, 13 Kan. 492; Colquitt v. Kirkman, 47 Ga., 555;
Case v. Allen, 21 Kan., 217; Grinnell v. Cook, 38 Am. Dec.;
Gregory v. Stryker, 2 Den. 631; Curtis v. Jones, 1 How. Cas., 145;
Trust v. Pirsson, 1 Hilt., 297; Chapman v. Allen, Cro. Car., 271;
Morgan v. Congdon, 4 N. Y., 552; King v. Humphrey, 10 Pa.
St. 217; Easton v. Lynde, 15 Mass., 242; Burdict v. Murray, 3 Vt.,
302.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears from this record that appellants, A. Lee *et. al.*, were the sureties of A. K. Russell, railroad tax collector for Marion county, and paid as such $2,000, for which sum said Russell executed to them his note for $2,000, dated January 8, 1891, due January 8, 1893, interest from date, and on same day mortgaged to appellant some horses and mares to secure the payment of said note, which mortgage was duly recorded in the proper office, and in addition to the ordinary covenants stipulated that said Russell should, at his own expense, use due care in raising and developing said horse stock and their increase, and keep same in good condition. It seems that appellant Lee and others assigned the said note to Minnie McAfee as collateral security for $2,000 with which to make said payment for Russell.

Some time after the execution of the mortgage, it is claimed that said Russell employed appellees, Vanmeter & Estes, livery stablemen, to train, develop and feed said stock. That on the 9th of January, 1893, the said McAfee instituted suit in the Marion Circuit Court on her note against A. Lee, etc., and soon afterwards by amended petition sought to enforce her lien upon stock embraced in said mortgage. In that suit appellees became parties and claimed a lien on the stock in contest, superior to the mortgage lien, for $202.90 due them for booting and training, and $225.00 for feeding and attention to said stock in contest. Some of the stock had been disposed of, and some increase had accrued. Some other questions were made and settled which need not be noticed.

The court below decided against appellees as to the lien for $202.90 for booting, etc., but adjudged that appellees had a lien on the stock for $225.00 for feed, etc., superior to the mortgage lien, and appellants A. Lee et. al. have appealed from the judgment so awarding the lien for the $225.00, and

appellees Vanmeter & Estes have taken a cross appeal from the judgment disallowing a superior lien for the $202.90 for booting, etc.

It is not shown that the mortgagees, Lee and others, ever employed Vanmeter & Estes to care for the stock. It also seems that appellees had actual as well as constructive notice of the mortgage, hence, the sole question to be decided is, whether as matter of law appellees have a lien on the stock superior to the mortgage lien for any sum, and if so, for which of the two claims, if not for both?

The act of January, 1871 (General Statutes, page 879) [Ky. Stats., sec. 2500], provides that keepers of livery stables shall have a lien upon horses, etc., placed in their stable by the owner thereof for reasonable charges for keeping and caring for same. But it shall be subject to the limitations and restrictions as provided in case of a landlord's lien for rent. The statute in reference to landlord's lien for rent provides that it shall be subject to all liens existing before the property was carried upon the leased premises. It seems to us that the statute *supra* is conclusive as to the contention of appellants, and that the lien of the agisters is inferior to that of the mortgagees.

It is true that the courts of Kansas, Georgia, and perhaps other States, have held that the agister's lien was superior to that of a prior mortgagee. The court of Tennessee held differently. We presume that the statutes of these States in regard to liens differ, hence the different holdings. If Russell had bought feed and hired a hand to feed and train the horses in contest, and executed a mortgage therefor, would it be contended that it would be superior to appellant's mortgage? We think not, and yet appellees contention if sustained would amount to the same thing. The judgment of the court below in regard to the claim of appel-

lees for booting and training was proper and is affirmed. The judgment allowing and adjudging appellees' claim of $235.50 for feeding and caring for the stock to be superior to the mortgage lien of appellants is erroneous, and the same is reversed and cause remanded with directions to set aside said judgment and order the proceeds of the sale of the stock to be first applied to the payment of the mortgage lien, and for further proceedings consistent with this opinion.