CASE 23—ACTION BY FORT JEFFERSON IMPROVEMENT CO. AGAINST RE-
BECCA S. DUPOYSTER AND OTHERS, INVOLVING SALES AND TITLE TO
LAND.—MAY 11.

# Dupoyster, &c. v. Fort Jefferson Imp. Co.

APPEAL FROM BALLARD CIRCUIT COURT—W. I. CLARK, SPECIAL JUDGE.

FROM THE JUDGMENT DEFENDANT APPEALS. REVERSED.

VENDOR AND VENDEE—DEED BY CO-TENANTS—CONDITIONAL DELIVERY.

Where co-tenants made a deed which was delivered in es-
crow under an agreement that it should be delivered to the
grantee on the payment of a certain sum to one of the grantors,
the consent of this grantor to the delivery and recording of the
deed on the payment to him of a less sum was not binding on
another co-tenant so as to entitle the grantee, on rescission of the
contract of sale to a lien on such other co-tenant's interest for
the amount of money which it paid when the deed was delivered.

JOHN W. RAY AND WHITE & RAY, FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. In 1890 a married woman could not convey real estate by
deed delivered as an escrow. 3 Washburn Real Prop., pp. 321-2-
3-4; Sec. 507, Kentucky Statutes, then in force; Mitchell v. Jones,
L. R., 3 Chy., 696 (Eng.); Elliot v. Piersol, 1 Pet. U. S., 330;
Vol. 11, Am. & Eng. Ency. of Law (2d Ed.), 345.

2. Agreement by J. C. Dupoyster, as administrator of Ben S.
Dupoyster, that the deed might be recorded did not waive the
condition upon which the deed was to be delivered and become
effective. 11 Am. & Eng. Ency., 2d Ed., 348, and cases cited.

3. Deed of August, 1889, from J. C., to Rebecca Dupoyster,
being duly acknowledged and lodged for record a year prior to the
deed to appellees, invested her with title regardless of actual
notice.

4. Appellees had actual notice of the deed to Rebecca Du-
poyster.

5. The decree of partition is not a final judgment, and is there-
fore not *res judicata.* Freeman on Judgments, 4th Ed., sec. 32;
Black on Judgments, secs. 17 and 39; Freeman on Co-tenancy

Dupoyster, &c. v. Fort Jefferson Improvement Co.

and Partition, sec. 519; Salyer v. Arnett, 23 Ky. Law Rep., 321; Seay v. White, 5 Dana, 555; Green v. Fisk, 103 U. S., 518, and same case, 154 U. S., 668.

6. If that decree of partition was final, it was reversed as to Mrs. Dupoyster on the former appeal.

7. The deed from J. C. to Rebecca Dupoyster, made in 1889, can not, in 1903, be assailed by any person for fraud, because of the statute of limitations. Phillips v. Shipp, 81 Ky., 436; Dorsey v. Phillips 84 Ky., 420; King v. Graham, 84 Ky., 482; Brown v. Connell, 85 Ky., 403, and the same case, 89 Ky., 235.

8. The plea of Mrs. Dupoyster and the interlocutory decree in partition do not operate as an estoppel, because there was no injury or detriment to appellees and no benefit or advantage to Mrs. Dupoyster. 4 Am. & Eng. Dec. in Equity, 289.

9. No judgment of rescission as to Mrs. Dupoyster has ever been rendered.

F. H. SULLIVAN, J. M. NICHOLS & SON, AND J. SMITH HAYS, ATTORNEYS FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. This long-drawn-out litigation originated, as stated by Mr. Nichols, by the filing of a suit by Joseph C. Dupoyster, Joseph C. Dupoyster as administrator of the estate of Ben. S. Dupoyster, and appellant Rebecca S. Dupoyster, against appellee to foreclose a lien on this land for the unpaid balance of the purchase money, and in the petition it was alleged that plaintiffs had sold and conveyed the premises in controversy to appellee at a certain price. It was also admitted that plaintiffs had received a certain portion of the purchase money (the amount for which the company is now seeking a lien.) Mrs. Dupoyster now attempts to assert that this deed was delivered by, and the purchase money paid to, J. C. Dupoyster without her consent. If it is assumed, for purposes of argument, that such was the fact, the answer to her contention is that by suing for the balance of the purchase money and a lien on the land, she deliberately ratified both the delivery and the payment, since by suing on the agent's contract, the principal ratifies whatever the agent has done in the premises. Lathrop v. Bank, 8 Dana, 115; Buck v. M. C. Aughtrys, 5 Mon., 221; Drennan v. Walker, 21 Ark., 539; Moore v. Butler University, 83 Ind., 376; Hartly Bank v. McCorkell, 91 Iowa, 660; Nicholls-Shepard & Co., v. Shaffer, 63 Mich., 599; Murrill v. Wilson, 66 Mich., 232; La Grande Nat. Bank v. Blum, 27 Or., 215; Garcy v. Potts, 4 Baxt. (Tenn.), 395; Bouvet v.

Woodward, 2 Posey Unrep. cases (Texas, 449); Ins. Co. v. Dhein, 43 Wis., 420.

2. The deed was a joint deed, and the obligation of the company for the purchase money was to J. C., Ben S. and Rebecca S. Dupoyster jointly. There was no severance. In such cases a payment to one was a payment to all. Le Grand v. Baker, 6 Mon., 245; cited by Mr. Nichols; Monroe v. Stark, 4 J. J. M., 367; cited by Mr. Nichols; Perry v. Perry, 98 Ky., 242; cited by Mr. Nichols.

3. A married woman appearing as such is just as much estopped by a judgment as though she were a *feme sole*. Rafferty v. Buckler, 15 Ky. Law Rep., 490; Fauntleroy v. Crow, 5 B. Mon., 138.

And the judgment of the lower court declaring that J. C. Dupoyster was the owner of three-eighths of the land and appellant of one-eighth, was a final judgment. Beatty v. Beatty, 10 Ky. Law Rep., 72.

This court took jurisdiction to review it, thus declaring in effect that it was a final judgment, and affirmed it in that regard. 66 S. W., 1048.

And it was affirmed entire except as to a lien on the one-eighth interest and that was reversed for further proceedings. This court's judgment precluded all inquiry into the title of appellant to the three-eighth interests of J. C. Dupoyster under the deed of 1889, since estoppel by judgment includes not only what was, but what might have been pleaded. Shippen v. Stokes, 6 Ky. Law Rep., 449; Smith v. Brannin,, 79 Ky., 114.

4. Appellant was a party to the record when the lower court decreed a rescission of the sale, and when this court affirmed a rescission (51 S. W., 810), and it is now too late for her to retry that question as she is bound by that judgment. Fauntleroy v. Crow, 5 B. Mon., 138; Rafferty v. Buckler, 75 Ky. Law Rep., 490; Beatty v. Beatty, 10 Ky. Law Rep., 72, and cases last cited.

Not only that, but after the case came back she claimed one-eighth of the land which could not belong to her except by a rescission of the sale to the company, and thus ratified the decree of rescission and accepted its provisions. Authorities cited under point 1.

5. If, as claimed, the deed of 1889 was put in escrow to be delivered when and if the company failed to take and pay for the land, then it never became effective until delivered, which was after the company's rights had attached. A deed in escrow passes no title until taken out and delivered. Calhoun Co. v. Emigrant Co., 93 U. S., 124; Devlin on Deeds (second ed.), vol. 1, sec. 322.

6. If it be conceded to appellant that the deed to the company was in fact delivered without her consent, and that she may at this late day raise that question, then the case presented is the payment of purchase money on an executory contract, to convey which gives rise to a purchaser's lien just as readily as an executed contract, which is being rescinded. Newman v. Moore, 94 Ky., 147, cited by Mr. Nichols; Burch v. Jones, 5 or 6 S. W., (Ky.), 408.

7. Under the authorities, *supra*, a payment to one of the grantees was a payment to all, and a married woman's interest in land is liable to a purchaser's lien, as the cases below assert, and hence the decree awarding appellee a lien on appellant's interest was correct, apart from all question of her knowledge of, and acquiescence in the payments, and ratification thereof by suing for the balance of the purchase money. Burch v. Jones, 5 S. W., 408; Newman v. Moore, 84 Ky., 147; Hawkins v. Brown, 80 Ky., 186.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

This is the fourth time this case has been here. However, each appeal presented a different question for review. On a former appeal it was decided that of the land conveyed by J. C. Dupoyster and Ben S. Dupoyster to the appellee Ft. Jefferson Improvement Company one-half belonged to J. B. Dupoyster and Delva D. Edwards, three-eighths to J. C. Dupoyster, and one-eighth to Rebecca S. Dupoyster; but the latter was not before the court in the proceeding wherein the court adjudged a lien on one-half of the land on the rescission of the contract between J. C. and Ben S. Dupoyster and the appellee. The various proceedings had are made to appear in the opinions of the court on former appeals (Ft. Jefferson Improvement Co. v. Dupoyster, etc., 51 S. W., 810, 21 Ky Law Rep., 515, 48 L. R. A., 537; Ft. Jefferson Improvement Co. etc., v. Dupoyster, etc., 66 S. W., 1048, 24 Ky. Law Rep., 1199; and Dupoyster, etc., v. Ft. Jefferson Improvement Co., 72 S. W., 268, 24 Ky. Law Rep., 1782) ; hence much detail of fact will be omitted here. The appellant claims that she not

only owns the one-eighth by inheritance, but that she had acquired her husband's three-eighths interest in the land by virtue of a deed dated August 14, 1889, which he executed to her. The facts are the appellee procured a rescission of the contract of sale and claimed a lien upon J. C. Dupoyster's three-eighths interest in the land and the one-eighth interest which the appellant owned by inheritance for the purchase money which had been paid to J. C. Dupoyster as an individual and as administrator of the estate of Ben S. Dupoyster. It appears that on September 17, 1890, in consideration of a large sum of money, Ben S. Dupoyster, J. C. Dupoyster, and the appellant acknowledged a deed to appellee for a large tract of land, which deed was delivered to S. J. Moore in escrow. In a writing which accompanied the deed it was recited that when appellee presented J. C. Dupoyster's receipt for the first payment on the land—it being $25,000—the deed was to be recorded. Instead of presenting a receipt for that amount, J. C. Dupoyster in writing consented that the deed should be recorded by means of the payment to him of $5,500 as administrator of Ben S. Dupoyster whereupon the deed was recorded. Subsequently the appellee paid J. C. Dupoyster sums aggregating about $3,000. The record shows that the $5,500 was paid out on the debts due by Ben S. Dupoyster's estate, and that the appellant, who is the wife of J. C. Dupoyster, never received any part of the purchase money paid to J. C. Dupoyster individually or as administrator, and that she never consented that such payments should be made to her husband, or that the deed might be recorded. The court decreed, at the instance of the appellee, that the contract of sale should be rescinded, and that it was entitled to a lien upon one-half of the land, being J. C. Dupoyster's three-eighths and the appellant's one-eighth in-

terest in the land.   From this judgment this appeal is prose-
cuted.

We will first consider the question as to J. C. Dupoyster's
three-eighths interest. The deed which he executed to the ap-
pellant August 14, 1889, was not recorded until 12 years
after the sale to the appellee; therefore was not on record
when the sale was made. We have reached the conclusion that
the appellee's agents were not aware of the existence of the
deed at the time of the sale to it, and that three-eighths of
the land should be treated as the property of J. C. Dupoyster
for the purpose of an equitable adjustment on the rescission
of the contract between the appellee and J. C. Dupoyster.   It
therefore follows that the court properly adjudged a lien on
that three-eighths interest in the land for the amount found
to be due the appellee.

As to Rebecca S. Dupoyster's one-eighth interest, we reach
a different conclusion.   She never consented to part with her
title to it, except on the condition that the cash payment was
made.   She only consented that the deed should be delivered
and recorded when this was done.   Of this fact the appellee
was fully aware.   From the terms of the writing placing the
deed in escrow, the appellee is not only charged with notice
that the deed was only to be delivered upon that condition, but
it actually agreed with the appellant that it was only to receive
the deed on that condition.   It knew the limitation that was
placed upon the authority of J. C. Dupoyster to receive the
money, and the authority of Moore to have the deed recorded.
It was not misled in this regard.   So far as the appellant
was concerned, no contract of sale of her one- eighth interest
in the land was ever consummated.   Her husband had no au-
thority in law or otherwise to sell her interest in the land,
nor could his wrongful act in consenting that the deed should
be recorded be treated as a consent by her to the delivery

of the deed, nor should it operate to divest her of title to her interest in the land, or to incumber it with a lien for money, which she never received or consented that any one else should receive. If the husband's wrongful act can have either of these effects, it would be allowing him to consummate a sale of her land and incumber it in opposition to her wishes. If A., B., and C., owned a tract of land, and they made a deed therefor, and placed it in escrow with an agreement that it was to be delivered and recorded upon the payment to A. of a specified sum, and A., in violation of that agreement, accepted a less sum, and consented that the deed should be recorded, it would not be binding on B. and C., because it was delivered and recorded in violation of an agreement made with the grantee. B. and C. only agreed to a consummation of the sale upon a certain condition which never happened. The grantee in such a deed could not claim that he acquired B. and C.'s title to the land under the deed, because he obtained it in violation of the agreement. It follows that there was no contract of sale consummated between the appellee and Mrs. Dupoyster; hence it is a misnomer to say that a contract has been rescinded, so far as she is concerned. It would be most inequitable to burden her interest with a lien for money which J. C. Dupoyster received for himself individually and as administrator of Ben S. Dupoyster. It is urged that, where a married woman sells her land by executory contract or otherwise, and the contract can not be enforced, the court will adjudge a lien upon her land for the amount which she has received by virtue of the contract. We concede this to be true, but the principle does not apply here, because the contract of sale as to her interest in the land was never consummated; hence there could be no rescission of the contract, so far as she is concerned. The deed to the appellee should be set aside so far as it purports to convey her one-eighth.

The rule that the payment to one joint payee is a payment to all is invoked to support the appellee's claim to a lien on appellant's interest in the land. In no proper sense was the appellant ever a payee, nor could she have been except on the consummation of the sale in accordance with the terms of the writing evidencing the contract placing the deed in escrow. It was not within the power of the appellee and J. C. Dupoyster to make a contract of sale of her land to which she never gave her consent, and claim that thereby she became a joint payee with her husband, and thus give him the right to collect her money. She never ratified or agreed to ratify the transaction, except upon the condition that the appellee pay all the purchase money, which it refused to do, because it could not obtain the interest of J. B. Dupoyster and Mrs. Edwards, which the appellant never owned or represented that she owned.

For the appellant it has been urged, that a married woman can not deliver a deed in escrow so as to thereby divest her of title to her land, but we have not deemed it necessary to enter into a discussion on this question, as is apparent from the conclusion we have reached.

The judgment is reversed, with directions to the court below to adjudge to the appellant her one-eighth interest in the land free from the appellee's claim, and for further proceedings consistent with this opinion. And the judgment is affirmed in the appeal of J. C. Dupoyster, J. B. Dupoyster, and Mrs. Edwards.