518        KENTUCKY REPORTS.        [Vol. 121.

Dupoyster, &c. v. Ft. Jeff. Imp. Co.'s Rec.—Same v. Jackson, &c.

Case 66.—ACTION BY THE FORT JEFFERSON IMPROVEMENT
CO.'S RECEIVER AGAINST REBECCA S. DUPOYSTER
AND OTHERS.—November 28.

## Dupoyster, &c. v. Ft. Jefferson Imp. Co.'s Receiver.
## Same v. Jackson, &c.

Appeals from Ballard Circuit Court.

W. I. CLARKE, Special Judge.

From the judgment overruling exceptions to the report of the commissioner in the first case defendants appeal. Reversed.

From the judgment in favor of defendants in the case against Jackson and others plaintiffs appeal. Affirmed.

1. Appeals—Conclusiveness of Determination—Successive Appeals—There can not be a succession of appeals from the same judgment; but, where an appeal is taken, all errors in the judgment must be presented to the court, and as to matters not found erroneous the judgment stands affirmed, and cannot be attacked on a subsequent appeal for any matters appearing on its face.

2. Judges—Disqualification—Affidavit of Prejudice—An affidavit that the trial judge will not do justice to certain parties is not sufficient to disqualify the judge.

3. Same—Time of Filing—An affidavit of prejudice, filed after the trial judge has made several orders in the case, comes too late.

4. Appeal—Questions Reviewable—Matters not Raised Below—Where it does not appear from the record that the judge was not properly qualified, and no objection on the ground of disqualification was made in the circuit court, it must be assumed on appeal that he had authority to sit in the case.

5. Same—Necessity of Bill of Exceptions—Equity Cases—Civil Code, sec. 334, requiring the party objecting to except when the decision is made, and providing that time may be given

Dupoyster, &c. v. Ft. Jeff. Imp. Co.'s Rec.—Same v. Jackson, &c.

to prepare a bill of exceptions; sec. 336, providing that if a decision objected to is entered on the record, with the grounds of objection, exception may be taken by causing the same to be noted at the end of the decision; and sec. 337, providing that if the decision be not entered on the record, the party must prepare his bill of exceptions—apply to all cases, whether in equity or law, where oral evidence is heard, and such evidence must be made a part of the record by bill of exceptions in equity cases as well as in law cases, if it is to be considered on appeal.

6. Same—Proceedings to Perfect Appeal—Filing of Transcript—Under Ky. Stats. 1903, secs. 4639, 4641, 4644, authorizing the preservation of the testimony by stenographic notes taken by the reporter and the making of a transcript of the same to be filed among the papers in the case, and providing that the transcript, when attested by the judge, may be used on appeal, the court can not, in equity cases any more than in ordinary actions, cause a transcript to be filed at a subsequent term, after the judgment has become final, and the court has lost jurisdiction.

7. Same—Record—Necessity of Containing Evidence—Where the record does not disclose the evidence heard before the circuit judge on exceptions to the commissioner's report, it must be presumed that he acted properly in overruling such exceptions, and his judgment will not be disturbed.

8. Courts—Court of Appeals—Jurisdiction—The Court of Appeals has only appellate jurisdiction, and can not make an order appointing a receiver to take charge of property or grant a restraining order to protect the rights of a party.

WHITE & RAY for appellants.

J. M. NICHOLS & SON for appellees.

(No briefs in the record.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

On January 18, 1901, the court entered a judgment in this case defining the rights of the parties in the land in controversy, appointing commissioners to make partition of it between them, and adjudging to the Ft. Jefferson Improvement Co. a lien on the land allotted to J. C. Dupoyster and his wife, Rebecca

S. Dupoyster. 'An appeal was taken from the judgment, and on May 11, 1904, the judgment was reversed by this court in so far as it adjudged a lien on the land of R. S. Dupoyster. As to all other matters and as to all the parties the judgment was affirmed. (Dupoyster v. Ft. Jefferson Improvement Co., 118 Ky., 196, 80 S. W., 800, 26 Ky. Law Rep., 86.) In the meantime the commissioners appointed made their report of allotment, which was filed in the circuit court on January 6, 1902. Exceptions were filed by the parties to the report. The exceptions came up for trial in the circuit court on April 29, 1904. A part of the evidence was taken by depositions, and part was heard orally in court and taken down by the official stenographer. The court overruled all the exceptions to the report and adjudged a sale of the land allotted to J. C. and Rebecca S. Dupoyster. From this judgment Rebecca S. Dupoyster, J. C. Dupoyster, D. D. Edwards, and John P. Edwards appeal.

It is insisted for appellants that there are numerous errors in the judgment of January 18, 1901, as to the directions given the commissioners in dividing the land, and it is insisted that land was included in the division which should not have been included. There can not be a succession of appeals from the same judgment. When an appeal is taken, all errors in the judgment must be presented to the court, and as to all matters not found erroneous by this court the judgment stands affirmed. On the last appeal the judgment was expressly affirmed as to all the parties except Rebecca S. Dupoyster, and as to her it was only reversed in so far as it subjected her land to the debts of the Ft. Jefferson Improvement Co. It therefore follows that on this appeal that judg-

ment can not be attacked for any matters appearing on its face, and that the only questions that are now open are whether the commissioners followed the judgment in the allotment which they made.

It is insisted, however, that the judge who tried the case was not competent to preside. This objection was not made in the circuit court. After he had made several orders in the case there was an affidavit filed to the effect that he would not do the appellants justice, but this affidavit was insufficient and came too late. It not appearing from the record that the judge was not properly qualified, and no objection having been made on this ground in the circuit court, it must be presumed on appeal that he had authority to sit in the case.

As to the correctness of the commissioners' report and the ruling of the court upon the exceptions thereto, the question is made that the evidence before the court is not properly before us. It appears from the record that at the next term after the judgment was entered, and on August 22, 1904, the circuit court made an order filing the stenographer's transcript of the evidence, and this transcript has been brought up on the appeal. No time was given at the term when the judgment was entered to prepare a bill of exceptions, and a motion has been made to strike out the stenographer's transcript on the ground that it is not properly a part of the record. It is insisted for appellants that a bill of exceptions is unknown in equity, and that therefore no bill of exceptions was necessary. This is ordinarily true, as equity cases are usually tried upon the record and without oral evidence. But, when oral evidence is heard, it must be made part of the record by bill of exceptions in equity cases, just as it is in ordinary

cases, to be considered upon the appeal. Secs. 336 and 337 of the Civil Code provide:

"Sec. 336. If the decision objected to be entered on the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing to be noted, at the end of the decision, that he excepts.

"Sec. 337. If the decision be not entered on the record, or the grounds of objection do not appear in the entry, the party must prepare his bill of exceptions and present to the judge for his signature."

Sec. 334 also provides: "The party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court."

These sections apply to all cases, whether equitable or ordinary, where oral evidence is heard.

It is also insisted for appellant that a transcript of evidence made out by the stenographer may be received under the statute authorizing such transcripts to be made. (Ky. Stats. 1903, secs. 4637-4645.) The provisions of the act, so far as material, are as follows:

"Sec. 4639. Upon any trial or proceeding in any civil case in said court or division, if either party to the suit, or their attorney, shall request the services of said reporter, or if, in the opinion of the presiding judge, the testimony should be preserved, the presiding judge shall direct such reporter to make a full report of the testimony heard therein, whereupon it shall be the duty of the reporter to take full stenographic notes of such testimony, and upon the motion of either party to the suit or proceeding or their attorney, to cause a full and accurate transcript of the

Vol. 121.] SEPTEMBER TERM, 1905. . 523

Dupoyster, &c. v. Ft. Jeff. Imp. Co.'s Rec.—Same v. Jackson, &c.

same to be made, which shall be filed among the papers to be used in making up the bill of exceptions to the court of appeals, and at the same time shall cause a full and accurate carbon copy of the transcript of testimony to be made which copy shall be filed with the papers, and remain in the office of the clerk of the court as a public record.

"Sec. 4641. In any equity suit or proceeding pending in such court or division, where testimony is to be taken, if either of the parties to the suit or proceeding, or their attorney, shall suggest, the presiding judge may, in his discretion, direct such testimony to be taken by the reporter, in which case it shall be the duty of said reporter to take the testimony in shorthand, and to cause a full and accurate transcript of the same to be made, and filed among the papers of the case.

"Sec. 4644. Any of said transcripts of testimony made by such reporter, as aforesaid, when attested by the judge before whom the trial was had, may be taken, without being copied, to the Court of Appeals, to be used upon an appeal, and thereafter returned to the court in which it was made."

We had these sections under consideration in the recent case of John Knecht v. Home Telephone Company, 121 Ky., —, 89 S. W., 508, 28 Ky. Law Rep., 456. It was held in that case that in an ordinary action the stenographer's transcript could not be considered, where it was filed at a subsequent term, when the court had lost jurisdiction over the case, and after a bill of exceptions had been filed at a previous term. The same rule must apply in equity cases. The court has no power in an equity case, after the judgment has become final and he has lost jurisdiction over it, to file at a subsequent term papers as part of

524 KENTUCKY REPORTS. [Vol. 121.

Dupoyster, &c. v. Ft. Jeff. Imp. Co.'s Rec.—Same v. Jackson, &c.

the record or to make up a record for the appeal. Sec. 4639 applies to any civil case. It is equally applicable to equitable or ordinary actions. Sec. 4644 refers to the transcripts made up by the reporter as above directed and filed among the papers of the case. The only purpose of that section is to allow the transcript to be brought up without copying. It refers only to transcripts which have been made a part of the record by the circuit court. Sec. 4641 is simply intended to allow the court to order the proof in an equity case to be taken by the official stenographer, instead of an examiner. When it is taken by him, it must be filed among the papers of the action as in other cases. An equity case must be appealed to this court upon the record before the circuit court, and if the evidence before the circuit court is heard orally the record must be made up by that court while it has jurisdiction of the case. It can not be left to the reporter to make up the record of the case, nor can the reporter and the circuit judge in vacation and without an order of court make up the record. The phraseology of sec. 4641, "where testimony is to be taken," shows that the Legislature in this section referred not to the taking of testimony on the trial of the case, which was provided for by sec. 4639, but to testimony taken before the trial. We therefore conclude that the stenographer's transcript of the evidence can not be considered, and that the motion to strike it from the record must be sustained.

The record not disclosing the evidence which was heard before the circuit judge on the exceptions to the report it must be presumed that he ruled properly in overruling the exceptions, and his judgment to this extent can not be disturbed. It will be ob-

served that the judgment of the circuit· court was entered on April 29, 1904, and before the decision of this court reversing the judgment of January 18, 1901, as to Rebecca S. Dupoyster. The circuit court followed in his judgment the original judgment, and ordered the land allotted to J. C. and Rebecca S. Dupoyster sold for the debt of the Ft. Jefferson Improvement Co. This was error; for, as held on the former appeal, the land of Rebecca S. Dupoyster is not liable for the debt. The judgment in the first case complained of is to this extent erroneous. In all other respects it is approved. On the return of the case to the circuit court commissioners will be appointed to allot to Rebecca S. Dupoyster her one-fourth of the land heretofore allotted to her and J. C. Dupoyster, and the court will then order the land allotted to J. C. Dupoyster sold for the debt of the Ft. Jefferson Improvement Co.

The appellees have filed in this court affidavits to the effect that appellants are wasting the timber on the land, and have entered a motion that this court appoint a receiver to take charge of the property or grant a restraining order to protect appellees' rights. Our jurisdiction is only appellate. We can not make orders of this sort. On the return of the case to the circuit court proper orders, if shown to be necessary, may be made to protect the rights of the parties.

Judgment in first case reversed, and cause remanded for further proceedings as herein indicated.

The judgment in second case is affirmed.

Petition for rehearing by appellant overruled.