## Taylor, et al. v. Townsend, et al.

(Decided November 20, 1917.)

### Appeal from Laurel Circuit Court.

Appeal and Error—Record—Evidence—Presumptions.—Where, in an action to enforce a vendor's lien, issues of fact were submitted to a jury on oral evidence, and such evidence was omitted from the record, it will be conclusively presumed, upon appeal, that the omitted evidence would sustain the judgment of the chancellor.

H. C. CLAY for appellants.

H. J. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This suit was instituted by appellants against S. G. Steele and appellees, Townsend and McClure, on a promissory note for $800.00, executed by Steele to one W. A. Queary and by him assigned to appellants. It is alleged that the note was executed for part of the purchase price of an undivided one-half interest in the land described in the petition, which was conveyed by deed from Queary to appellees, Townsend and McClure; that, by reason thereof, appellants were entitled to a lien upon the land to secure the payment of the note, although the note was not executed by the parties to whom the land was conveyed; did not disclose the fact that it was for part of the purchase money for land, and the deed recited that the purchase money was all paid when the deed was executed; that the sale of the land to appellees was made by the defendant, Steele, as the agent of Queary; that Steele executed the note as part of the purchase money due from appellees, with their consent and knowledge; and that they still owed Steele, as part of the purchase price for the land, the amount of the note sued on, or more.

Steele did not answer, and judgment was rendered against him by default, which judgment is not involved on this appeal.

Appellees, Townsend and McClure, answered denying that the note sued on was executed for a part of the purchase money for the land sold to them by Queary, or that they had any knowledge of it or had consented to its execution by Steele, or that they were indebted in any amount to Steele or Queary for the purchase price of the land.

After depositions had been taken for plaintiffs and defendants and filed, defendants, at the February, 1915, term of the court, moved to transfer the case to the ordinary docket for the purpose of trying an issue out of chancery, and this motion was sustained over the objection and exception of plaintiffs. At the following May term of the court, a trial was had before a jury, to whom the following issues of fact were submitted: Whether or not the note sued on was executed as a part of the purchase money for the land conveyed by Queary to Townsend and McClure; whether or not it was executed with the knowledge and consent of the defendant McClure, who acted for himself and Townsend in the transaction, the latter not being present or taking any part therein; and whether or not the execution and delivery of the note by Steele to Queary was merely to evidence an indebtedness of Steele to Queary then existing. After hearing proof, introduced orally and possibly that taken by deposition, the jury returned the following verdict: "We, the jury, agree and find that the note sued on was executed as part of purchase price of land described in the petition, but we find that said note was executed without the knowledge or consent of W. K. McClure." Plaintiffs then moved to set aside the verdict of the jury and to submit for judgment upon the whole case, as an equity action. Upon that submission, the court entered a judgment, overruling the motion to set aside the verdict of the jury and adjudging that "the plaintiffs' petition, in so far as it seeks to have adjudged a lien on the land therein described to secure the payment of said note, and in all respects so far as the same affects the defendants, McClure and Townsend, be and the same is hereby dismissed, and that the defendants, W. K. McClure and W. B. Townsend, recover of the plaintiffs, J. A. Taylor and Reed Taylor, their costs expended in this action." From this judgment, plaintiffs have appealed upon a partial

transcript of the record, having omitted therefrom all of the evidence heard by the court and jury upon oral examination of witnesses.

It is insisted that the court erred in transferring the case to the ordinary docket, but that having done so, it could not disregard the finding of the jury upon the question of facts submitted to it; that the judgment rendered does disregard the verdict; and, for that reason, it should be reversed. Appellants devote a considerable portion of their brief to a discussion of the evidence taken by deposition, in an effort to show that this evidence, considered with the finding of facts by the jury, necessitated a judgment awarding them a lien upon the land to secure the payment of the note. As the case was submitted to the court, upon motion of appellants and agreed to by appellees, upon the whole case as an equity action, and was so decided by the court, we are unable to say whether or not the judgment is authorized by the evidence heard and considered by the court, since only a part of the evidence heard and considered has been brought up to this court. We think the court properly transferred the case to the ordinary docket for trial by a jury of the issues of fact submitted to it; that the court did not disregard the verdict of the jury; and that the judgment is in conformity to that verdict, since, to entitle appellants to a lien, it was necessary to prove, as alleged by them in their petition, that the note from Steele to Queary was executed for part of the purchase price of the land and with the knowledge and consent of appellees, to whom the land was conveyed; and in this they failed, as is shown by the verdict of the jury and the judgment of the court. But, even if this were not true, having omitted from the record a part of the evidence heard and considered by the court in the decision of the case, under a long established rule of this court, it will be conclusively presumed that the evidence omitted from the record, but heard by the court, would sustain the judgment. Dupoyster v. Fort Jefferson Improvement Co., 121 Ky. 518; Shannon v. Stratton & Terstegge, 144 Ky. 26, 137 S. W. 850.

Judgment affirmed.