## Bridgewater v. Continental Fire Insurance Company.

(Decided February 13, 1920.)

### Appeal from Carlisle Circuit Court.

Appeal and Error—Evidence Not In Record—Presumption.—It will be conclusively presumed on appeal that the evidence omitted from the record, but heard by the court, will sustain the judgment.

J. B. WICKLIFFE for appellant.

J. E. KANE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

J. R. Bridgewater was the owner of a house in the city of Bardwell. The house was destroyed by cyclone on May 27, 1917. Thereupon he brought suit against the Continental Fire Insurance Company to recover on an alleged contract of insurance. At the conclusion of the evidence, the trial court directed the jury to find for the defendant. Plaintiff appeals.

According to the evidence for plaintiff, plaintiff had a policy in the Queen Insurance Company, insuring the house for $600.00 and the household goods for $300.00. The local agent for the Continental Fire Insurance Company told Mrs. J. E. Bridgewater, who was in charge of the premises, that the Queen Insurance Company desired to cancel the policy, and that he would transfer the policy into the Continental Fire Insurance Company, and it was agreed that the Continental policy should be the same as the Queen policy. Manifestly, if the Continental policy was to be the same as the Queen policy, and the Queen policy did not cover loss by tornado, then the Continental Company would not be liable, even though the contract made by its agent was

binding on the company. The Queen policy, which was introduced in evidence, is not a part of the record. It will be conclusively presumed on appeal that the evidence omitted from the record, but heard by the court, will support the judgment. Taylor v. Townsend, 177 Ky. 804, 198 S. W. 221.

Judgment affirmed.