## City of London v. Barnett et al.

(Decided March 15, 1929.)

472

BEGLEY & HAMILTON for appellant.

HAZLEWOOD & HAMM and GEO. G. BROCK for appellees.

Opinion of the Court by Judge Dietzman—Affirming.

In the petition herein, it is averred that the city of London, a city of the fifth class, had passed certain ordinances establishing a fire zone in that municipality, providing for the character of buildings that should thereafter be erected or repaired in that zone, and also providing for the condemnation of buildings which by reason of their condition had become nuisances or fire traps. The petition further averred that a certain building on Main street in that town owned by the appellees had fallen into such a state of disrepair that it had been condemned by the city council and ordered removed by its owners, but that, despite such condemnation and order the appellees were proceeding to repair the building contrary to the ordinances above mentioned. The city asked for an injunction enjoining the owners from repairing the building and mandatorily compelling them to remove it. The answer of the owners was first a complete denial of the allegations of this petition of the city. The denial was so complete as to include even the corporate existence of the city, a fact of which, however, we take judicial notice. But the existence of the ordinances, their passage, and the acts of the council under them, were each and all put in issue. The answer also pleaded some affirmative defenses, which were in turn denied either by reply or by an agreed order traversing them of record. The case was heard by the chancellor on oral testimony, and, after it had all been introduced, he entered a judgment dismissing the petition of the city, and it has appealed.

The appellees have moved this court to strike from the record the stenographer's transcript of the evidence heard by the chancellor because it is not embraced in a bill of exceptions or authenticated in any way whatever by the presiding judge. Prior to the passage of the amendment to section 552 of the Code by chapter 28 of the Acts of 1926, it was the established rule that, if oral testimony is heard in an equity case, then, in order to bring it up to this court, it has to be embodied in a bill of

exceptions authenticated by the trial judge as are other bills of exceptions, and filed. Dupoyster v. Ft. Jefferson Imp. Co.'s Receiver, 121 Ky. 518, 89 S. W. 509, 28 Ky. Law Rep. 504. The amendment of the Code referred to does not in any manner change that rule, as that amendment itself provides that evidence heard orally in equity cases may be taken and transcribed as in ordinary actions, and, in order for evidence to be brought to this court in ordinary actions when heard orally, it must be embodied in a bill of exceptions. The motion of the appellees, therefore, to strike the stenographer's transcript of the evidence from this record, will have to be sustained. In the absence of the evidence, the only question presented is whether the pleadings support the judgment, and, as to that, no contention is made by the appellant, nor could any be made, since everything that it claims in its petition was put in issue by the appellees.

The judgment of the lower court is therefore affirmed.