## South et al. v. Truesdale.

Decided March 28, 1930.)

GRANNIS BACH and COPE & COPE for appellant.

O. H. POLLARD and A. H. PATTON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming in part and reversing in part.

J. W. Truesdale recovered a $535 judgment against Sam South and Corona South for sawing lumber for them. A counterclaim for $1,000 damages asserted by the Souths, and alleged to have resulted from the negligence of Truesdale, was dismissed. The lumber had been sold and the proceeds of the sale were in the custody of the court, when the judgment was entered. Truesdale was adjudged to have a lien on this fund superior to the lien of J. H. Johnson, who held a mortgage on the timber from which this lumber had been sawn. From that part of this judgment that dismisses their counterclaim and awards a recovery against them, the Souths have appealed, and, from that part which adjudges the lien of Truesdale to be superior to the mortgage lien of Johnson, he has appealed.

On January 25, 1923, Truesdale contracted with the Souths to saw for them the timber on a tract of land in Breathitt county. For this Truesdale was to be paid 50 cents per hundred feet for the lumber sawn and 20 cents each for sawing railroad ties. There is no great dispute about the quantity of sawing done, or serious question about the correctness of the court's finding as to the amount due therefor, but the Souths insist that Truesdale was not diligent in carrying out his part of the contract, as a result of which much of this timber became wormeaten, and sap-rotted. They also contend Truesdale cut much of the lumber too thin, thereby rendering it unsalable as first class lumber, that many pieces were miscuts, that is, they were thick at one end and thin at the other, and hence unsalable, and for these reasons they say the sale value of this timber was reduced $1,000,

for which they made a counterclaim, and for the trial of that they made timely motion for an issue out of chancery which was denied them. This they claim is a reversible error.

In support of this contention the Souths have cited Home Ins. Co. v. Evans, 201 Ky. 487, 257 S. W. 22, and other cases cited in that opinion, but whether the failure to submit this issue to a jury was erroneous depends upon the showing made in the evidence. The proof shows that it was some time in August before Truesdale got his mill moved to and began sawing this timber, but as an excuse for this delay it was shown that it was necessary to move this mill about 20 miles over mountain roads that were impassable in the spring and early summer. It was shown the work was suspended at various times, but there was evidence that all but one of these suspensions resulted from failure of the Souths to cut the logs and get them to the mill as fast as Truesdale was able to saw them. There was evidence some of this lumber was not cut plump enough to be a full inch in thickness after it was seasoned, but Sam South was at the mill all the time he stacked the lumber and sold vast quantities of it locally, without complaint, and it was only after some had been sold for shipment that complaint was made of its lack of plumpness, whereupon Truesdale, at South's suggestion, began cutting it thicker. The evidence shows there were some miscuts, but they were the "dogboards," which seems to be a trade-name for the first plank cut or the remnant or last piece that is left in sawing a log, which necessarily is often of an irregular thickness. In view of this showing relative to the claim for damages, the Souths were not prejudiced by failure to submit this issue to a jury.

> "If it is apparent that only one conclusion could properly be drawn by a jury from the evidence, an issue will not be submitted, for in such a case the court would be compelled to disregard a finding contrary to its own view of the proof." 10 R. C. L. p. 532.

Moreover, the Souths are in no position to complain, as this evidence was taken orally before the chancellor, and has not been properly preserved by a bill of exceptions. That must be done. See Dupoyster v. Fort Jefferson Imp. Co., 121 Ky. 518, 89 S. W. 509, 28 Ky. Law

Rep. 504, and City of London v. Barnett et al., 228 Ky. 471, 15 S. W. (2d) 286.

## PRIORITY OF LIENS.

Truesdale in his petition says:

"That before said lumber was sawed by plaintiff, the defendants, Sam H. South and Corona South executed and delivered to their co-defendant, J. H. Johnson, a mortgage on the logs and trees out of which plaintiff manufactured said lumber, and that the said defendant, J. H. Johnson, accepted said mortgage with full knowledge that said logs were to be manufactured into lumber and ties by plaintiff under the contract hereinabove set out, and accepted said mortgage with full knowledge of the terms and provisions of said contract."

That is about all that this record shows about this mortgage. Johnson testified he had a mortgage upon this timber for $1,750, and that he would file it if required, but he did not do so, and but for the above admission in the plaintiff's petition Johnson's claim would be without proof to support it. Litigants will some day learn the best place for them to have their evidence is in the record. See Litteral v. Burris, 230 Ky. 757, 20 S. W. (2d) 752.

Truesdale asserted a lien on this lumber, but gives no explanation of why he is claiming such. We presume he claims a common-law lien for having sawn the lumber. The law allows such a lien. See 38 C. J. p. 218, sec. 158 et seq.; 17 R. C. L. p. 1115, sec. 41 et seq. Such liens are allowed in accordance with the general principle of the common law that a bailee of personal property who has imparted to it an additional value by his labor or services has a lien on the property for his reasonable charges therefor. See 6 C. J. p. 1192, sec. 79 et seq.; 37 C. J. p. 307, sec. 3; 37 C. J. p. 314, sec. 17; 37 C. J. p. 329, sec. 43. Various names are given to such liens, such as "agistor's lien," "artisan's lien," "bailee's lien," "factor's lien," "possessory liens," etc. Such liens however are inferior to the lien of a prior recorded mortgage on the property involved. See Indiana Truck Corporation of Kentucky v. Hurry Up Broadway Co., 222 Ky. 521, 1 S. W. (2d) 990; Lee v. Vanmeter, 98 Ky. 1, 32 S. W. 137,

17 Ky. Law Rep. 548; 11 C. J. p. 651, sec. 394, et seq., and 5 R. C. L. p. 447, sec. 83 et seq.

Therefore the court erred in adjudging the manufacturer's lien to Truesdale to be superior to the mortgage lien of Johnson.

The judgment, in so far as it awarded Truesdale a recovery against the Souths and dismissed their counterclaim, is affirmed, but, in so far as it denied to J. H. Johnson a superior lien on the proceeds of the sale of the lumber, it is reversed for consistent proceedings.

One-half the cost will be taxed against Truesdale and remainder against the Souths.