## Colyer v. Colyer.

(Decided Ferbuary 13, 1931.)

W. N. FLIPPIN and B. J. BETHURUM for appellant.

W. O. HAYS and C. L. TARTAR for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

A. J. Colyer filed his petition in equity in which he alleges he and his brother, A. G. Colyer, were partners engaged in business under the firm name and style of "Colyer Brothers," of which partnership he asked for a dissolution and settlement, and, having been denied relief, he has appealed.

In 1925 or thereabout these men began to consider the formation of a partnership for the operation of a bus line between Somerset, Ky., and Oneida, Tenn., and on February 14, 1927, each one of them signed a separate application to the commissioner of motor vehicles for a permit. A. G. Colyer brought these applications to Frankfort and asked for the permits. He learned he could get but one which (No. 1209) he had issued in the name of "Colyer Brothers," and for which he paid.

A. G. Colyer then proposed to A. J. Colyer that they go in and the latter said, "No I've got all the business I can 'tend to.'" So in July, 1927, A. G. went in, and after two years had built up quite a business, said to be worth $22,000. On May 3, 1929, this suit was filed. A. G. Colyer

about the time he started the business filed in the office of the McCreary county court clerk a statement that he was the sole owner of the business, and later filed such a statement in Pulaski county. A. G. Colyer did all the work, furnished all the money, did all the banking in his individual name, made all the contracts, bought all of the busses and supplies, arranged for all the insurance, employed and paid all the help, had all the repairs made, and did everything connected with the business.

A. J. Colyer admits he never contributed a dime or anything whatever in connection with the business, and was never about the office at all, except he did go with the Buick agent to see A. G. Colyer on one occasion when A. G. Colyer bought a Buick bus, but the agent says he took him along to help make the sale.

A financial statement was furnished to the commissioner when these men first made their applications which contained the property of both of them, and A. J. Colyer contends that by that he contributed to the firm what he called "backing," without which he contends the permits could not have been obtained, but this appears not to have impressed the commissioner of motor vehicles at all, for he required that insurance be obtained before the permit was issued. A. J. Colyer signed some notes for A. G. Colyer, but when he did he was secured against loss by a mortgage on A. G. Colyer's home. He claims he has a note signed by A. G. Colyer stating he and A. J. Colyer composed this firm of "Colyer Brothers," but he never filed it. If he had such a note we cannot imagine a better place for it than in this record. See South v. Truesdale, 233 Ky. 682, 26 S. W. (2d) 519.

In Borling v. Wilson, 128 Ky. 596, 108 S. W. 914, 922, 33 Ky. Law Rep. 14, we said:

> "The law is well settled that where the parties by their acts, conduct, and writings, show that they intended a partnership, and did in fact agree to share the profits of the business as joint owners, such parties are partners."

The converse of this must be true and, if these things indicate the contrary, then no partnership exists. There is an old saying that "A man, who puts in a shoe-string, should not expect to draw out a tan-yard" but this man did not put in even the proverbial shoestring.

The judgment is affirmed.