## McCown v. Shelby Supply Co. et al.

(Decided Nov. 3, 1933.)

J. H. ADKINS for appellant.

W. W. BARRETT and K. D. KEESEE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The Shelby Supply Company recovered a judgment against J. W. McCown for $267.65 with interest, an attachment levied on McCown's property was sustained, and he has appealed.

The Shelby Supply Company sued McCown for a balance it claimed was due it of $292.65. McCown by answer and counterclaim asserted the Shelby Supply Company owed him $1,000 damages for breach of a timber contract he claimed to have had with it, $288 for feeding and caring for stock belonging to it, $42.75 for credits due to but not allowed him by it, and he disputed certain items in its account. It was shown that this timber contract was not with it, but was with K. F. Childers, and that McCown and Childers had settled the matter by a written agreement on December 30, 1929.

The matter was transferred to equity and referred to a commissioner, who reported McCown owed the supply company $267.65 with interest. McCown filed exceptions to this report, and oral evidence relative thereto was heard by the court, and the commissioner's report was confirmed and judgment entered accordingly. In an equity action the court may hear evidence in this way, but it must, to be available on appeal,

be made a part of the record by a bill of exceptions. Subsection 2 of section 552, Civil Code of Practice; City of London v. Barnett, 228 Ky. 471, 15 S. W. (2d) 286; South v. Truesdale, 233 Ky. 682, 26 S. W. (2d) 519. This is the excuse McCown makes in his brief for not bringing that evidence here:

> "The evidence taken before the court was not copied in this record for the reason that the appellee failed to pay the stenographer for the evidence and make it a part of this record."

McCown is the one seeking to reverse this judgment, and he should have made this evidence a part of this record in the manner pointed out and then brought it here and pointed out if he could those parts therein that show the trial court erred in the judgment that was entered, for in the absence of such a showing it is presumed to be correct, and when a part of the evidence is not brought here the presumption is that the part omitted is the very part which sustains the judgment.

Judgment affirmed.