## Kelley v. Howell.

(Decided Jan. 12, 1934.)

STOUT & HERDMAN for appellant.
RODES & HARLIN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

A lien held by Miles Kelley was adjudged to be in-

ferior to one asserted by Clarence Howell, and Kelley has prayed an appeal.

On September 9, 1930, Kelley Brothers, a farming partnership, mortgaged to Miles Kelley of Marysville, Kan., certain property in which was a large corn crop, and this mortgage was on that day recorded in the proper office. Shortly thereafter this corn was cut and shocked and so remained until January, 1931, when Kelley Brothers contracted with Clarence Howell for him to shred this fodder and to bale the shreddings, which work Howell completed in the early part of February, 1931.

On February 11, 1931, Howell sued Kelley Brothers for $334.05, the balance due for this work, and by proper steps secured a general order of attachment. On February 16, 1931, Kelley Brothers took a $2,000 policy of fire insurance on this property, and on that day they filed voluntary petitions in bankruptcy. On March 2, 1931, their trustee in bankruptcy disclaimed this property because mortgaged for more than it was worth.

On March 9, 1931, this property was destroyed by fire. The insurance was subsequently adjusted and paid to Stout & Herdman, Attorneys, upon an agreement upon their part to hold $350 thereof until the priority of the liens of Miles Kelley and Howell against this fund could be determined.

Howell filed an amended petition, asserted a possessory lien upon this insurance money as the proceeds of the fodder he had shredded and baled, and took out a specific attachment. There is a sharp issue made in the pleadings, the proof, and the briefs about whether Howell had a lien on this property when it was burned, and this question is ably discussed; but we shall not discuss it here, for if that question were wholly decided for Howell, it would avail him nothing for the prior mortgage lien of Miles Kelley is so large as to more than consume the fund thus leaving nothing upon which Howell's liens could take effect. As this property was incumbered by a recorded mortgage when Howell began his work upon it, whatever lien he got is second and inferior to that mortgage lien. See South v. Truesdale, 233 Ky. 682, 26 S. W. (2d) 519, headnote 3, and Young et al. v. Hill et al., 247 Ky. 672, 57 S. W. (2d) 470.

The prayer for an appeal is granted, and the judgment is reversed.