# Harp v. Prudential Ins. Co. of America.
# Same v. Reserve Loan Life Ins. Co. of Indianapolis, Ind.

(Decided Nov. 12, 1935.)

WELLS & WILSON for appellant.

WHEELER, WHEELER & SHELBOURNE for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In August, 1931, Earl B. Harp made application to the Reserve Loan Life Insurance Company of Indianapolis, Ind., for an insurance policy in the amount of $5,000 with a total and permanent disability clause, whereby the insurance company agreed to pay a total and permanent disability benefit of $50 per month. At about the same date Harp also made application to the Prudential Insurance Company for a like and similar policy as that applied for from the Reserve Loan Life Insurance Company above set out. The applications were referred to the medical examiner for the respective insurance companies, who made the usual medical examination and report to each of the companies. Soon thereafter the policies were issued by the respective companies.

In May, 1932, Harp became totally and permanently disabled from pulmonary tuberculosis, and furnished each company with proof of his disability; but each insurance company refused to pay the disability benefits applied for. Soon thereafter Harp filed his separate actions against the respective insurance companies to recover the benefits provided for in the policies. The insurance companies filed their respective answers and counterclaims in which they alleged mis-

representations and fraud in the applications, and asked for a cancellation of the policies. Each answer set out in detail certain questions and answers thereto and alleged, in substance, that the answers made by Harp to certain questions material to the risk were false and known by him to be false, and were made with intent to deceive and defraud the defendants and that the defendants, believing and relying upon said answers and representations to be true, issued the policies, and that but for such false answers and misrepresentations defendants would not have issued the policies. The insurance companies tendered back the premiums paid by Harp and asked a cancellation or rescission of the policies.

By subsequent pleadings the issues were made and each policy and application therefor being similar the cases were transferred to the equity docket and heard together and both cases will be disposed of in this opinion. The chancellor found and adjudged that Harp had obtained the policies by fraud as alleged in the answers and counterclaims, and entered judgments canceling each policy, and to reverse those judgments these appeals are prosecuted.

The evidence was taken orally and transcribed by the court stenographer, and what purports to be the bill of evidence appears in the record indorsed by the stenographer, but not approved by the court. It is the established rule that if oral testimony is heard in an equity case, then, in order to bring it up to this court, it has to be embodied in the bill of exceptions and authenticated by the trial judge as are other bills of exceptions. City of London v. Barnett et al., 228 Ky. 471, 15 S. W. (2d) 286; McCown v. Shelby Supply Co. et al., 251 Ky. 164, 64 S. W. (2d) 497. No motion appears in the record to strike the purported bill of evidence, but the fact is called to the attention of the court in briefs of appellees.

In McNeal's Adm'r v. Norfolk & W. R. Co., 185 Ky. 197, 214 S. W. 888, in discussing this question, it is said:

"but it is insisted that defendant waived its right to strike the bill because its motion to strike was not filed until after the case was submitted. As a matter of fact, however, the bill was not signed by the judge, and what purports to be a bill of exceptions is no bill at all and cannot be considered.

[Citing.] There being no bill in the record, no motion to strike was necessary. All that was necessary was to bring to the attention of the court the fact that the alleged bill was not signed and approved."

In the absence of a bill of exceptions, the only question to be considered is whether the pleadings support the judgments. The answer and counterclaim of the respective insurance companies stated a valid defense, and, there being no bill of exceptions in the record, the judgment must be, and is, affirmed.

The whole court sitting.