George M. Dearing, Greenville, for appellant.

Jarvis & Ross Greenville, for appellee.

## CASKEY v. TYSON.

Court of Appeals of Kentucky.

May 8, 1951.

MOREMEN, Judge.

Appellant, T. J. Caskey, filed a petition in which he alleged that appellees, Marshall Tyson and Fannie V. Tyson, were disputing his title and right to possession of a certain strip of land which lay between a tract of land which he owned and a tract of land which was owned by the appellees. He prayed that a commissioner be appointed "to view out and locate defendants' said one acre," to set up and fix permanent corners, and for a judgment quieting the title to land owned by him which he particularly described in the petition. The appellees demurred to the petition and, without waiving the demurrer, filed an answer which contained (1) a traverse, (2) a particular description of the land owned by the appellees coupled with the averment that appellees had had notorious, adverse possession of the described property for more than fifteen years, (3) that any alleged conveyance, claim or ownership by the appellant of any part of the described boundary was champertous and therefore null and void, and (4) that appellant had recognized the above boundary and was estopped to question the title or ownership of the property described. Appellant filed

a reply in which (1) he denied every affirmative allegation of the answer. (2) specifically denied the ownership by appellees of the property described in the answer, (3) put at issue the plea of adverse possession, (4) denied that appellant's claim was champertous, and (5) placed in issue the plea of estoppel. The case came on to be heard before the circuit court, and the judgment entered after the trial recites that various demurrers were overruled and then states: "The plaintiff then announced ready for trial and the defendants announced ready and the evidence was heard in open Court before the Judge, at the conclusion of the plaintiff's evidence the defendants moved for a judgment on the proof and pleadings to which motion the Court overruled and the defendants excepted. The defendants then introduced their evidence and the same was submitted to the Court and the Court being sufficiently advised it is now ordered and adjudged by the Court that plaintiff's petition be dismissed and that he take nothing thereby, it is further ordered and adjudged by the Court that the defendant, Marshall Tyson, is the absolute owner of the following described property in Muhlenberg County, Kentucky: * * *" It was further adjudged and decreed that appellees' title be quieted.

In February, 1950, appellant filed in the office of the clerk of this court, a copy of the judgment in the court below together with a transcript of the record as shown in the office of the clerk of the circuit court accompanied by a purported copy of the transcript of evidence heard at the time the case was presented to the Chancellor by oral testimony. On April 18, 1950, appellees' motion to strike the transcript of evidence was sustained and the transcript was stricken.

A bill of exceptions must be prepared, filed and approved in an equity suit wherein the testimony is heard orally in the same manner and in the same form as is required in common law cases. City of London v. Barnett, 228 Ky. 471, 15 S.W.2d 286; Duval v. Marshall, 280 Ky. 81, 132 S.W.2d 511. In the absence of the evidence heard and considered by the Chancellor on the trial of this case, the only question presented is whether or not the pleadings are sufficient to support the judgment. The answer filed by appellees properly pled matters of defense summarized above and issues were properly joined concerning several matters which required proof to sustain the pleadings. Since the pleadings are sufficient to sustain the judgment, we have no alternative other than to affirm the judgment.

Judgment affirmed.