## KNEETTLE vs. NEWCOMB and BROWN.

A stipulation contained in a promissory note, by which the maker waives and relinquishes all right of exemption of any property that he may have, from execution on the debt, will not have the effect to make property, otherwise exempt, liable to be taken upon execution.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover the value of certain household furniture and other articles, of the value of $100. The property in question consisted of articles exempt by statute from execution; the plaintiff, at the time the property was taken, being a householder, having a family for which he provided. The defendants set up as a defense the recovery of a judgment against Kneettle, in favor of Newcomb, on the 7th July, 1854, for $80.11; an execution issued thereon, which was delivered to Brown, a deputy sheriff, who sold the property by the direction of Newcomb. The judgment in question was rendered upon two notes, made by Kneettle, and payable to Newcomb, dated 10th March, 1853, the one for $31.70, and the other for $33.68, with interest. The notes were alike in form. The following is a copy of one of them:

"For value rec'd, I promise to pay Benj. W. Newcomb, or bearer, the sum of thirty-one dollars and seventy cents, with interest, on the first day of May, 1853, without defalcation, and I hereby waive and relinquish all right of exemption of any property that I may have, from execution on this debt. Dated the 10th day of March, 1853.

JOHN R. KNEETTLE, Jr."

The referee reported in favor of the plaintiff for $111.86.

*Jenkins & Sons,* for the appellants.

*W. Sanders,* for the plaintiff.

*By the Court,* PRATT, J. This was an action for taking and converting personal property exempt from execution. The

Kneettle *v.* Newcomb.

property was taken by Brown, a deputy sheriff, upon an execution in favor of Newcomb, against the plaintiff, by direction of the defendant Newcomb. Judgment was recovered upon two notes in the usual form, with an additional stipulation as follows: "I hereby waive and relinquish all right of exemption of any property that I may have, from execution on this debt." The question is whether this agreement makes property, otherwise exempt, liable to be taken upon execution. Upon this point the decision in *Crawford* v. *Lockwood* (9 *How.* 548) is conclusive. That was a decision at general term, upon the very point in issue in this case. The court seems in that case to have given the question a very careful examination; and we should not feel at liberty to disregard the decision, even did we not concur in the conclusion at which it arrived. But, for myself, I fully concur in the correctness of that decision. I am unable to see how that stipulation can be made available as a defense to the action.

In the first place, the defendant could not justify under the execution, for the property is by law exempt from execution.

Secondly. The stipulation vested in the creditor neither right of property nor right of possession.

Thirdly. The defense is not available by way of estoppel, for the reason that both sides were aware of all the facts.

Judgment affirmed.

[OENIDA GENERAL TERM, January 5, 1857. *Hubbard, Pratt, Bacon* and *W. F. Allen,* Justices.]