JUDGE BULLITT,
delivered the opinion op the court:
Leet obtained an attachment from a justice of the peace, upon an affidavit that Lockett owed him $100 for rent, then due, and had within fifteen days removed, or was then removing his property from the leased premises. The attachment was returned to the circuit court, and on the motion of Lock-ett was discharged at the costs of Leet, because the affidavit failed to state the affiant's belief, that “unless the attachment be issued he will lose his rent,” as required by the statute. (Rev. Stat., chap. 56, art. 2, sec. 5.) From that judgment Leet appealed.
In our opinion this court has no jurisdiction over the case. The statute provides, that,(upon the return of an attachment for rent to the circuit court, “the proceedings shall be the same as on other common law attachments.”. (R. S., chap. 56, art. 2, sec. 6.) This must be construed as referring to attachments then authorized by the Code of Practice, because, when the Revised Statutes were enacted, no attachments could be issued from the circuit courts except those authorized by the code. (title 8, chap.3.) Under the code, the order discharging the attachment was not a final order, from which an appeal can be prosecuted. Leet, if he desired a reinstatement of the attachment, should have obtained leave and applied to a judge of this court. (Original Code, secs. 306 to 309.)
But it is contended that the court below erred in failing to *57 give the appellant a judgment on a bond alleged by counsel to have been given by the appellee and another for the performance of the judgment of the court as authorized by the code. (Original Code, sec. 263.)
We need not decide whether or not the bond in question was executed in the manner required by the statute. (Original Code, sec. 263.) If it was so executed as to be a valid statutory bond, the appellant might have enforced its performance by rules and proceedings as in cases of contempt. (Original Code, sec. 304.) But the record does not show that any rule had been issued against the appellee, nor that the appellant had moved for a judgment against him on the bond. As to the appellant’s right to such a judgment, there was no decision by the court below and can be none here upon this appeal. There has been no judgment in the case except the one discharging the attachment at appellant’s cost.
Wherefore the appeal is dismissed.