JUDGE PRYOR
delivered the opinion of the court.
The appellant, Josiah Moxley, being largely indebted, executed a conveyance to Hugh Britton in trust of all his estate, consisting of land and personalty, for the payment of his debts, reserving to himself by the terms of the deed such property only as was by law exempt from execution. The trustee proceeded to sell the property by reason of the trust, having first *157 set apart to the appellant such articles of property as were by law exempt from sale, the latter being at the time a housekeeper with a family and entitled to the exemption. Thé appellee (Maupin), a creditor of the appellant, holding- his note for five hundred and thirty-three dollars, upon which he obtained a judgment, had his execution issued and levied by the sheriff on this exempted property. The sheriff refusing to sell, he was indemnified by Maupin, and required to make the sale. Before the sale took place this action was instituted by the appellant to recover the property.
The note upon which the judgment was obtained is as follows:
$533.38. Mt. Sterling, Ky., Nov. 1, 1871.
“One day after date I promise to pay to the order of Daniel Maupin five hundred and thirty-three dollars, without defalcation or discount, for value. received, and without any relief whatever from the appraisement, exemption, or valuation laws of the state of Kentucky; to bear ten per cent interest from this date. (Signed)
JosIAH Mo3XET »
The only question presented by the record is, can a debtor by the execution of a note containing such stipulations waive the benefit of the law exempting certain property from execution so as to preclude him from afterward asserting his right to it. It is well settled that a debtor may sell his personal property exempt from execution either in payment of a debt or for any other valuable consideration, so as to vest in the purchaser the absolute title, or even to mortgage it, which is in effect a sale, to secure the payment of a debt.
There is an essential difference, however, between an executed contract, by which the owner is divested of title, and an executory agreement by which the debtor merely promises that in the future he will not take advantage of or claim the benefits of a particular statute. Executory agreements are generally *158 enforced, and as much, obligatory on parties as if in fact executed; but there are exceptions to this general rule.- No one in this state is entitled to the benefit of the exemption laws but a housekeeper with a family, and the legislature certainly intended by the enactment of such laws to provide more for the dependent family of the debtor than the debtor himself. ‘Every honest man has a desire to fulfill all his obligations, and such are always willing to comply with the demands of a creditor by giving to the latter any assurance he may exact as an evidence of his intention to pay his debt.
The law in its wisdom, for the protection of the poor and needy, has said that certain property shall not be liable for debt, not so much to relieve the debtor as to protect his family against such improvident acts on his part as would reduce them to want. Such is the policy of the law; and this contract was made not only in disregard of this policy, but to annul the law itself so far as it affected the debt sought to be recovered.
If such a contract is upheld, the exemption law of the state would be virtually obsolete, and the destitute deprived of all claim they have to its beneficent provisions. Suppose one should agree with his creditors that he would never take the benefit of the bankrupt law, or that, if he failed to pay a debt due on a certain day, his land should be forfeited and never after subject to redemption; can it be pretended that such contracts could be enforced?
It is true that authorities entitled to great consideration, holding a contrary doctrine to the views herein presented, are relied on in this case; but in our opinion the reasoning in those cases is not sound in principle or in accordance with a just and enlightened jurisprudence. It is maintained in these cases that the exemption of property from liability for debt being a personal privilege, the waiver of such privilege by contract containing stipulations that hold fast for the creditor every species of property the debtor may thereafter possess, *159 which the law has exempted, is neither contrary to law nor forbidden by public policy. The right to plead the statute of limitations is a personal, privilege; but will it' be insisted that an agreement, or promise never to plead the statute is binding. If so, the grocer and merchant, and all others engaged in the business affairs of life, would have only to agree with those who promise to pay, verbally or in writing, that the statute of limitations should never be. relied on, or the claim to exempted property asserted, in order to render nugatory these wholesome laws, enacted for the peace and welfare of society and in accord with an enlightened public policy. “A contract fraught with such consequences to the family of the debtor is totally at variance with public policy, and therefore void.” (Harper v. Leal, 10 Howard, New York, 283.)
The stipulations contained in the note vested the appellee with no right to any of the debtor’s property, nor can its recitals work an estoppel, as the one party knew, or is presumed to have known, as much of the law with reference to such a contract as the other. The agreement to waive this right is illegal and void; and, as said by Denio, Justice, in the case of Knects v. Newcomb, “ the law does not permit its process to be used to accomplish ends which its policy forbids, though the parties may by a prospective contract agree to such use.” (31 Barb. 170; 9 Howard, 547.)
The court below should have told the jury that this attempted waiver on the part of appellant was void, and' having refused to do so, the judgment must be.reversed, and the cause remanded with directions to award the appellant a new trial, and for further proceedings consistent with this opinion.
Maupin (the execution creditor) must pay the costs in this court, as the bond of indemnity protects the sheriff.