*Russell & Averitt, for appellant.*

---

## N. Harris, et al., *v.* Thomas H. Prather, et al.

**Mortgage or Sale of Personal Property.**
> The owner of personal property exempt from coercive seizure for debt may nevertheless sell it or mortgage it and such sale or mortgage may be enforced.

### APPEAL FROM MERCER CIRCUIT COURT.

#### November 21, 1876.

OPINION BY JUDGE LINDSAY:

The owner of personal property exempt from coercive seizure and sale for debt, may nevertheless sell it, or pledge it by express contract. When the pledge is evidenced by a mortgage regularly executed and delivered, the chancellor must at the suit of the mortgagees enforce the contract.

The statute does not, as in the case of the homestead exemption, make the right of the mortgagee depend upon the assent of the mortgagor's wife to be expressed by the fact that she joins in the mortgage. This question was incidentally settled in the case of *Moxley v. Ragan,* 10 Bush 156, when it was said, "It is well settled that a debtor may sell his personal property, exempt from execution either

in payment of debt, or for any other valuable consideration, so as to vest in the purchaser the absolute title, or even mortgage it, which is in effect a sale, to secure the payment of a debt."

Judgment *reversed* and the cause remanded with instructions to enforce the mortgage by subjecting the mortgaged property to the satisfaction of appellant's claim.

*P. B. Thompson, for appellants. Kyle & Poston, for appellees.*