ELIZABETH SMITH *v.* D. WILSON & CO. ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—719.]

**Opinion of the Court Not a Judgment.**

> The expressed opinion of the judge is not a judgment and therefore not final, and an appeal taken from such an opinion will be dismissed.

**Debtor's Power to Mortgage His Personal Property.**

> A debtor may legally mortgage his personal property to secure the payment of his debts, and the wife can not prevent him from doing so or retain any rights of exemption by not joining in the mortgage on personal property alone.

APPEAL FROM FLEMING CIRCUIT COURT.

February 20, 1883.

OPINION BY JUDGE HARGIS:

Wilson & Co. and a number of the creditors of Peter Smith brought suit against him and attached his property. He had executed a mortgage in which his wife, the appellant, had joined, to Wilson & Co. on 75 acres of land known as the "Fox Springs property," but they did not seek in their suit to foreclose.

The appellant, who was in possession of the "Fox Springs property," on which some of the attachments were levied, filed an answer suggesting her willingness that the whole of it should be sold, and alleging that she was a *bona fide* housekeeper, that her husband had abandoned her and left the residence without intention of returning, and that she was entitled to a homestead in his stead, and asked that $1,000 of the proceeds of sale should be allowed her in lieu of homestead.

Upon an agreed state of facts, in effect like those alleged by her, the circuit court rendered an opinion that she was not entitled to a homestead, and without deciding any further question referred the several cases, which were consolidated, to a special commissioner to audit the debts. No sale of the "Fox Springs" was asked by Wilson & Co. and none of the attachments were sustained or decided. The appellant's possession was not disturbed, no writ of possession was ordered against her, nor was she required to surrender the possession at any time; and no execution can issue upon

the opinion of the court which is not a judgment and therefore not final. For this reason the appeal is dismissed because prematurely taken.

It has been settled by this court that a debtor could mortgage his personal property to secure the payment of his debts. *Moxley v. Ragan,* 10 Bush (Ky.) 156, 19 Am. Dec. 61. We do not think the wife can prevent him from doing so or retain any rights of exemption by failing to join in the mortgage on personal property alone. Hence the judgment refusing to allow exemptions to her out of the mortgaged personalty is correct and *affirmed,* but the appeal as to the homestead in the realty is dismissed.

*W. J. Hendricks, for appellant.*

*W. A. Sudduth, A. Duvall, for appellees.*