## Holbrook v. Sanders.

(Decided November 9, 1926.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error.—Under Civil Code of Practice, section 266, appeal cannot be taken from a preliminary order discharging attachment which is reviewable only on appeal from final judgment.

2. Attachment—Where no Motion to Reinstate Attachment is Made Within 20 Days After Order Discharging Attachment, Defendant is Entitled to Restitution of Property Attached (Civil Code of Practice, Sections 269, 270).—Where no motion to reinstate attachment was made within twenty days after order of discharge, as required by Civil Code of Practice, sections 269, 270, attachment was discharged, and, under mandatory provisions of Code, defendant was entitled to restitution of property attached.

3. Attachment.—Justice of Court of Appeals, under Civil Code of Practice, section 270, has no jurisdiction to reinstate an attachment, discharged on failure to bring motion to reinstate attachment within 20 days after order of discharge, as required by section 269.

L. B. ALEXANDER and C. C. GRASSHAM for appellant.

BEN S. ADAMS for appellee.

Opinion of the Court by Judge McCandless—Dismissing.

The regular term of the McCracken circuit court convened Monday, Feb. 1, 1926. On February 4th, Holbrook sued Sanders and obtained an order of attachment which was levied on all of the latter's property. On February 5th Sanders gave Holbrook written notice that on the morning of February 6th he would enter a motion "before the Honorable Joe L. Price, Circuit Judge in this district, in open court at the courthouse in Paducah, to discharge the attachment in this case."

At the time specified Sanders filed an affidavit controverting the grounds of attachment, and "moved the court to dismiss and quash the attachment and to dissolve the same upon the proof." The motion was not heard until the ninth of March, whereupon, over the objection of plaintiff, proof was introduced by both sides upon the grounds of attachment, and an order was made discharging the attachment and awarding restitution of the attached property. Notwithstanding there was no trial on the merits, the plaintiff excepted and was granted an appeal to this court; also it was provided that the order of discharge should not take effect for twenty days, during which time plaintiff was given leave to apply to a judge of this court for a reinstatement of the order of attachment. The latter course was not taken, but on the 15th of March plaintiff, as appellant, filed a regular appeal in this court, accompanied by a motion to reinstate the attachment. The court's attention was not called to the state of the record, and on the 14th of April, some thirty-six days after the attachment was discharged in the lower court, the motion to reinstate was passed to the merits; the case being submitted in regular order on June 11th.

It is contended by appellant that the motion to discharge the attachment was made before Judge Price in vacation under the provisions of section 268 of the Code, and should have been restricted to an inspection of the papers; that in permitting evidence to be heard upon the grounds of attachment, the judge erroneously construed the proceeding as being under section 265, which permits such proof. It is admitted that the McCracken circuit court was in session and that the motion was made in open court, but it is argued that section 268 refers to a court which convenes subsequent to the filing of the

action, and that as this suit was filed after the convening of the February term, as to it the motion was made in vacation. However, as presented by this record we are unable to consider this question. The only authority for an appeal from an order discharging an attachment is given in section 266 of the Code, which provides:

"An order for the discharge of an attachment made at or after the rendition of judgment in the action shall be final, and cannot be reinstated as authorized by section 270, but shall be the subject of appeal if the amount in controversy be such as to authorize an appeal. . . . "

Under this section an appeal cannot be taken from a preliminary order discharging an attachment. Leet v. Lockett, 4 Met. 55; Overby v. Gay, 17 B. M. 144, and as there was no final judgment in the case, this court has no jurisdiction of the appeal.

(2) Perhaps if within the proper time the court's attention had been called to the state of the record, the motion to reinstate the attachment might have been considered as an application before a justice of the court to reinstate under the provisions of section 270, and the case referred to some justice for such consideration. That section provides:

"A judge of the Court of Appeals, if the plaintiff have secured the right to apply for reinstatement of an attachment may upon an inspection of a copy if the record, including the evidence read upon the motion to discharge, reinstate the attachment, and of the ordor of reinstatement be filed in the clerk's office of the court in which the action is pending, within the time limited as provided in section 269, the execution of the order of attachment shall proceed; otherwise it shall stand discharged, and restitution shall be made of any property taken under it."

Section 269 being in these words:

"A plaintiff who desires a reinstatement of an attachment may have an entry made upon the record, or leave to apply therefor within a reasonable time, not exceeding twenty days; whereupon the order of discharge shall be made to take effect at the end of the period so limited, unless the attachment be reinstated in the meantime."

But no such motion was made and the court's attention was not called to this matter and this cannot now be done. We have held that the time limit fixed by the court may be extended by agreement. Perhaps under certain conditions it may be waived, but there is nothing here suggestive of either agreement or waiver, and as the order discharging the attachment took effect March 29th, it stands discharged, and under the mandatory provisions of the Code defendant was entitled to restitution of the property, consequently a justice of this court would now be without jurisdiction to entertain a motion to reinstate. See McCreary county v. Bryant, 173 Ky. 363, construing a similar statute relative to injunctions.

Wherefore, the appeal is dismissed.