# Oeltjen v. Oeltjen.

(Decided Dec. 12, 1933.)

LEO J. SANDMANN for appellant.
W. J. GOODWIN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In his petition for divorce, William A. Oeltjen charged his wife with lewd and lascivious conduct and habitual drunkenness. Section 2117, Statutes. She denied the charges, and counterclaimed for a divorce from bed and board and for such alimony as the court might deem proper. The witnesses testified in person before the chancellor, and in due course a judgment was rendered in favor of the husband upon the second ground stated. The wife was denied alimony. She has appealed, but, upon motion of the appellee, the stenographer's transcript of evidence has heretofore been stricken because of a failure to present same with or as a bill of exceptions. There is left for our consideration only the pleadings and orders of the court. Realizing this, appellant's counsel presents an ingenious argument, that upon such record the judgment denying the wife alimony should be reversed and a reasonable amount should be awarded her under the rule that, if this court finds that the judgment of divorce should not have been rendered, it may direct such a judgment concerning alimony and the property rights of the parties as the law and facts authorize.

The argument is predicated upon a quotation from Nuckolls v. Illinois Central Railroad Company, 227 Ky.

836, 14 S. W. (2d) 157, as being what the court decided or held, whereas the statement quoted by counsel, as the opinion clearly shows, was but the contention of the attorney for the appellant in that case. It was declared by the court only that as a general rule where the transcript of evidence is stricken the sole question presented is whether the pleadings support the verdict and judgment; however, that the rule is ''subject to the limitation that when the record shows a judgment or an instruction so palpably illegal and erroneous that no possible evidence that could have been introduced would have justified or sustained it, a reversal may be ordered, notwithstanding the presumption generally prevailing.'' Proceeding with the argument, counsel extracts certain findings of fact recited in the chancellor's able and exhaustive opinion filed of record by an order.

The argument falls down because of the nature of an opinion of a trial court upon which it rests. It is not evidence, nor is it a judgment. Smith v. Wilson & Co., 11 Ky. Ops. 946, 4 Ky. Law Rep. 719; 15 C. J. 970.

Opinions of trial courts are always welcome and often helpful on appeal as disclosing the reasons for the judgment. But the opinion cannot take the place of a bill of evidence in whole or in part. Whallen's Ex'rs v. Moore, 248 Ky. 348, 58 S. W. (2d) 601. It is the formal finding in the decree that controls an appellate court and not the discussion of the case by the trial court. Sometimes a wrong reason may be assigned, but that will not vitiate a right judgment. McMillan v. Harbert, 74 Colo. 161, 219 P. 1070. In the absence of the presentation of facts in the manner prescribed by law, an appellate court must assume that the findings are sufficiently supported. As said in Northern Assurance Company v. Stout, 16 Cal. App. 548, 117 P. 617, 620, the proposition is equally true where the trial court files an opinion in which it has presented and discussed some of the facts which the evidence has established, ''for obviously the opinion of the court, however elaborately it may purport to deal with the facts, cannot supplant or be made to serve the purpose of a bill of exceptions or a statement of the case or any other recognized form of certifying the testimony to a court of appeal, and consequently cannot disturb in the slightest degree the presumption that must be indulged in favor of the findings where the appeal is upon the judgment roll alone.''

We quote from 1 Freeman on Judgments, sec. 3:

"In the case of a trial court, a judgment must be distinguished from an opinion. The latter is the informal expression of the views of the court and cannot prevail against its final order or decision. While the two may be combined in one instrument, the opinion forms no part of the judgment. So, as elsewhere shown, there is a distinction between the findings and conclusions of a court and its judgment. While they may constitute its decision and amount to the rendition of a judgment they are not the judgment itself. They amount to nothing more than an order for judgment, which must, of course, be distinguished from the judgment."

See, also, 15 R. C. L. 570.

Subject to the restricted limitation indicated in Nuckolls v. Illinois Central Railroad Company, supra, it cannot be doubted that this court, under the state of the record, may consider only whether the pleadings support the judgment. The path is so well beaten that the submission of authority for following it would be superfluous. The petition as amended adequately sets up the cause of action and negatives any fault or like fault on the part of the defendant. It is sufficient to support the judgment.

The judgment is affirmed.