## Grow v. Grow.

(Decided Nov. 9, 1937.)

**572**

JOHN S. DEERING for appellant.

R. J. DENNY and WM. H. MACKEY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

Mrs. Flora M. Grow sued David L. ·Grow for divorce, and asked for the custody of their child, Katherine, for alimony and maintenance. The court determined the case in her favor, and approved a judgment granting a divorce and dividing the time for the custody of the child. He adjudged the payment of $10 a month for her maintenance; but the judgment was withheld from entry until the costs should be paid. In the meantime, Judge Shackelford, who sat in the case, died. On July 16, 1936, the plaintiff moved the court to enter that judgment, and the defendant to modify the judgment so as to give the entire custody of the little girl to his parents for him, and asked that he be relieved of the monthly payments to the mother for her maintenance. Evidence was heard by the court upon these motions, and the court directed the judgment to be entered with modifications as it related to the custody of the child and her maintenance. It was adjudged that the mother should have the child on alternate months, and that she should be delivered to her father's parents every other month. The father was directed to pay $10 a month to his mother, the child's grandmother, to be used by her in the maintenance of the little girl. Mrs. Grow appeals.

The appellee has filed a motion to dismiss the ap-

peal upon the grounds that the evidence heard upon the trial of the divorce suit is not brought up on appeal, and the transcript of evidence heard upon the motion to modify the judgment is not filed by an order of the court or approved by the judge as a bill of exceptions. See Asher v. Nuckols, 253 Ky. 223, 69 S. W. (2d) 331. A party has the right to have his appeal heard without evidence; the decision being determined by the pleadings and judgment. If the bill of evidence is not properly approved, a proper motion is to strike it from the record. Oeltjen v. Oeltjen, 251 Ky. 739, 65 S. W. (2d) 1004. There is no such motion here. The evidence heard in the original divorce proceeding was not necessary in determining the propriety of the judgment before us. Accordingly, the motion to dismiss the appeal is overruled.

At the time the judgment was rendered, the child was not quite five years old. She is now a little over six. The mother is 22 years old. There is some evidence tending to show, prima facie, that the mother's conduct on several occasions was not according to the proprieties as judged by a rigorous code; but, with the explanations and the affirmative testimony, the evidence as a whole does not show the mother to be an unfit or improper person, from the standpoint of morality, to have the care and custody of her child. Since the separation, it appears that Mrs. Grow has made her home with her parents in the village of Keene. They live in a 4-room house, and have a large family, so that the conditions are extremely crowded. At the time of the trial, she was staying with her sister, who, with her husband, lived in a small house on a farm, which does not appear to be crowded.

On the other side, the father has been working irregularly as a section hand. His irregularity seems to have been due in part to ill health. His personal conduct has by no means always been what it should have been. His earning capacity is limited. His parents reside in a comfortable cottage in Wilmore, which they own. They are not only willing but express a desire to keep the little girl with them for her father. But they, too, are crowded with boarders in the home. The welfare of a child is always the primary and determining consideration of the courts. Section 2123, Kentucky Statutes. It has been often recognized that a little

girl, of such tender age as this one, is better off with her mother, unless it is manifest that she is not a fit person, morally, to have her, or there is some outstanding reason why she would be better off with her father. Here the father is not so situated as to be able to take care of his daughter, and his care of her would be nominal. The question really is whether she should be placed in the custody of her mother or of her grandparents. We doubt if it is for the best interests of the child that she be shuttled back and forth every month between the two places. It seems to us that the mother should be given the custody of the child under the present circumstances. The father, of course, is entitled, as a matter of right, to visit his child, at reasonable times, without interference and under such conditions that it can be said that she is his exclusively for the time being. We think, also, that he should be permitted to have her with him periodically for a substantial time at his parents' home, or elsewhere, where the situation is not inimical to her welfare. Baker v. Coleman, 229 Ky. 473, 474, 17 S. W. (2d) 417; Belknap v. Belknap, 265 Ky. 411, 96 S. W. (2d) 1012. When the child becomes of school age, she should be left with the mother during the school term and with the father during vacations, with the right of the mother to visit her child in the same way as her father as above stated. The allowance of $10 a month for the child's maintenance seems fair under all the circumstances, but this should be paid to her mother instead of to her grandmother.

Under the provisions of section 2123, Kentucky Statutes, the court's orders in relation to the care, custody, and maintenance of the child, upon suitable proceedings, may be revived or altered from time to time.

Judgment reversed.