# Mastin v. Witt's Administrators.

(Decided Dec. 17, 1937.)

CHARLES F. SPENCER for appellant.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

Appellees and plaintiffs below are administrators de bonis non of the estate of Mary E. Witt, who died testate a resident of Clark county, Ky., and her will was duly probated thereafter, followed by their appointment and qualification. They filed this action in the Clark circuit court against John and Glenmore Mastin, seeking to recover from them $700, the amount of a past-due note executed by defendants to plaintiffs' decedent.

In their petition they sought and obtained an attachment against Glenmore Mastin upon the ground that "The defendant, Glenmore Mastin, is about to sell, convey, or otherwise dispose of his property with the fraudulent intent to cheat, hinder or delay his creditors." A different ground of attachment was alleged as against the other defendant, John Mastin. Neither of them filed any defense to their liability on the note, and judgment for its amount and interest went against them by default. Each of the defendants, however, did contest the respective grounds of attachment against him, and upon trial of their motion to discharge it the

court sustained the one made by John Mastin and discharged the attachment as against him; but it (as we conclude, erroneously) overruled the motion for that purpose made by appellant, Glenmore Mastin, which had been levied on his residence and the lot upon which it stood. From that order he prayed and was granted an appeal to this court which he has perfected by filing a transcript of the record with its clerk. No further or later order was made in the case whereby the attachment lien was attempted to be enforced, the appeal being prosecuted *solely* from the order of the court overruling the preliminary motion of appellant to discharge the attachment against him.

We are confronted at the threshold with the question as to whether or not we have jurisdiction of the appeal, which in turn is to be determined by the further one as to whether or not the judgment appealed from is a *final* one on such questions that may be reviewed by us on appeal? We have determined that it is not, and that the appeal for that reason should be dismissed, and which conclusion we will now proceed to demonstrate.

Section 266 of the Civil Code of Practice provides: "An order for the discharge of an attachment, made at or after the rendition of judgment in the action, shall be final; and cannot be reinstated as is authorized by section 270; but shall be the subject of appeal if the amount in controversy be such as to authorize an appeal. An order sustaining an attachment shall, in like manner, on the rendition of judgment in the action, be the subject of appeal." It will be observed that the first part of the section makes provision with reference to orders of the court *discharging* attachments; whilst its latter portion in its last sentence refers to orders *sustaining* them. With reference to the *discharging* of attachments, it prescribes that such orders (discharging) made at or after the rendition of a judgment in the action "shall be final," and, of course, subject to an appeal directly to this court, and that they may not be corrected by following the provisions of section 270 of the Civil Code of Practice, providing how certain *discharging* orders of attachment may be reinstated by an application to a member of this court. So that, an order made *at* or *after* the rendition of judgment in the cause *discharging* an attachment, may not be relieved against by pursuing the provisions of section 270 of the same Code, but may be reviewed by a direct appeal to this

court. The same section (266) relating to orders sustaining an attachment prescribes that an appeal will lie from them when they are made ''on the rendition of judgment in the action.''

In the case of Overby v. Gay, 17 B. Mon. 144, the court had before it the direct question here involved. The attached defendant, before rendition of final judgment in the cause, moved for the discharge of the attachment against him, but the court overruled it, and from which he prosecuted an appeal to this court; but the appeal was dismissed on the ground that the order was an interlocutory one, having been rendered by the court *before* final judgment in the cause, and was not, therefore, subject to be reviewed by an appeal to this court. The question was again before us in the case of Leet v. Lockett, 4 Metc. 55. In that case the motion to *discharge* the attachment was sustained; but we held that the order doing so was an interlocutory one, having been made *before* final judgment in the cause, and for which reason the appeal from the order discharging the attachment was likewise dismissed.

A later presentation of the question was made in the case of Jennings v. Sanders Deposit Bank, 213 Ky. 479, 281 S. W. 476. The order there appealed from was one *sustaining* the attachment and overruling a motion for its discharge. There was no answer filed to the merits of the cause of action sued on, but the opinion recites that judgment was rendered ''in favor of appellee * * * granting relief *in conformity* [our italics] with the prayer of the two petitions.'' It was, therefore, final. An appeal was taken from that part of the final judgment sustaining the attachment and the making of orders for its enforcement. A motion to dismiss the appeal was overruled, because the case came directly under the latter provisions of section 266 of the Civil Code of Practice, i. e., an order sustaining the attachment rendered *after* final judgment in the cause, or *at the time* the judgment was rendered. We again had the question in the still later case of Holbrook v. Sanders, 216 Ky. 421, 287 S. W. 944. In that case the motion to *discharge* the attachment was *sustained* and the attached property was restored to the defendant. From that order, made before final judgment, the appeal was prosecuted. The opinion discusses related questions and quotes section 266, supra, of the Code, and then

says: "Under this section an appeal cannot be taken from a *preliminary* order discharging an attachment. Leet v. Lockett, 4 Metc. 55; Overby v. Gay, 17 B. Mon. 144, and as there was no final judgment in the case, this court has no jurisdiction of the appeal." (Our italics.)

It will, therefore, be seen that the finality of an order—entered upon a motion to discharge an attachment—for the purposes of a direct appeal to this court, is dependent altogether upon the *time* when the order is made with reference to the final judgment in the cause. If the order with reference to the discharge of the attachment is made *before* judgment finally disposing of the cause it is an *interlocutory* one, and cannot be appealed from until a final disposition of the cause wherein an enforcement of the attachment lien is directed. It is especially true (and should be so) with reference to orders *overruling* the motion to discharge the attachment; and which is made so because of the different effect it would have upon the rights of the parties from a motion *discharging* the attachment. In the latter case the attached property becomes freed, and if upon final judgment the court should conclude that it erroneously ordered the attachment discharged, the lien created by it would, perhaps, be lost; whilst a similar retraction by the court of an *interlocutory* order *sustaining* the attachment and overruling the motion to discharge it would result in nothing more than the damages (if any) sustained by the defendant, to recover for which he could look to the attachment bond. Under the interpretations and rulings made in the cases cited, it is clear that the judgment or order appealed from was and is not a final one so as to give this court jurisdiction of the appeal.

Summarily stated, they are: (1) That an order discharging an attachment, if made before final judgment in the cause disposing of the attachment, may be reviewed by an application to a member of this court pursuant to the provisions of section 270 of the Civil Code of Practice; but, if made at or after the rendition of such judgment, no review may be had under that section, but the remedy of plaintiff to obtain a review of the court's ruling would then be an appeal to this court, and (2) that an order of the court sustaining an attachment, or overruling a motion for its discharge, may not be reviewed at all in the manner pointed out by section

270 of the Civil Code of Practice, but only by an appeal to this court, which, however, does not lie until such a final judgment is rendered in the case, and until then it is only an interlocutory order which may be reviewed and set aside by the trial court rendering it at any time before such final judgment.

Wherefore, for the reasons stated, the appeal is dismissed.