## Harned et al. v. Layman et al.

June 11, 1940.

George K. Holbert, Judge.

Burwell K. Marshall and Wilson K. Beatty for appellants.

Allen P. Cubbage and Carl H. Boone for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action was brought by the appellees, Ella Layman and her husband, Chester Layman, against the appellants, Asa Harned individually, and as executor of the estate of his deceased brother, Mark, Martine Harned, the wife of the deceased, and Cliff Harned, another brother of Asa. Appellees alleged that Asa, Cliff and Mark had agreed to pay them $25 a month from June, 1929, to care for and support an invalid sister of theirs; that only $200 had been paid on the contract and there was a balance due of $2,026; that the house in which they (appellees) lived with the invalid in Grayson County, rent free, belonged to Asa and Mark; that Mark's interest went to his wife under his will,

that Asa fraudulently and in contemplation of insolvency and with the design to prefer Martine, to whom he was indebted, as well as to them, conveyed his interest in the property to her in February, 1938; and that the estate of Mark had no personal property out of which to pay their claim. They prayed judgment on their alleged contract and also that the aforementioned deed be set aside and the property subjected to their claim.

The appellants by appropriate pleadings raised the question of jurisdiction, since they were residents of Jefferson County and the action was filed in Grayson. They also denied that a contract had been made for the care and support of the invalid, Anna May Harned. The parties to the land transaction denied that it was fraudulently made. The issues were joined after further pleadings were filed and oral proof was heard. Thereafter the following plea of limitation was made:

"Comes the defendants Asa Harned, Cliff Harned and Asa Harned as Executor of the estate of Mark Harned and plead the Statute of Limitations against any and all claims of Twenty-Five Dollars per month which became due prior to five years before the commencement of this action to-wit: On Feb. 25th, 1938."

The appellees' demurrer to this plea of limitation was overruled, and they now insist that the plea was insufficient. It is our view, however, under the circumstances, that the plea was good. Judgment was entered in favor of the appellees directing that they recover $25 per month with interest at 6 per cent from February 25, 1933, until December 25, 1936, subject to a credit of $355. It was further adjudged that the deed from Asa Harned to Martine Harned was preferential as to her and against the other creditors of Asa, and it was set aside. It was directed also that the creditors of Asa Harned could subject his interest in the land to the payment of his debts. The Harneds are appealing from so much of the judgment as was rendered against them. The appellees have filed a cross appeal from that part of the judgment sustaining the plea of limitation.

The appellants urge reversal on several grounds; but counsel for the appellees have called attention to the fact that no bill of exceptions was filed. This leaves only the question of whether the pleadings support the

462

judgment. Harp v. Prudential Insurance Company, 261 Ky. 295, 87 S. W. (2d) 595, and cases cited therein. We are of the opinion that they do support it. The pleadings raise the question of jurisdiction, but the Grayson circuit court had jurisdiction as to Asa Harned and Martine Harned because the land in question was located there. Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454, 175 S. W. 992; Williams v. Davenport, 181 Ky. 496, 205 S. W. 551. Under the circumstances that court also had jurisdiction as to all of the alleged joint obligors. Objection was raised also to the action of the trial court in striking from the answer of Asa Harned, as executor of the estate of Mark Harned, the allegation that he had settled his accounts and had been discharged from that office. That action was proper, since there was no allegation as to the time when the settlement was made nor as to the time of the alleged discharge.

It follows from what has been said that it is our conclusion that the judgment should be and it is affirmed on both the appeal and the cross appeal.