## Card v. Brooks et al.

April 22, 1941.

154

Logan E. Patterson for appellant.

James S. Wilson for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In July, 1937, the appellee, C. B. Brooks, instituted an action in the Bell circuit court against the appellant, A. H. Card, and John T. Pope. Brooks sought to collect from Card and Pope the sum of $343, allegedly due him. Brooks incorporated in his petition the allegation that these parties were about to sell, convey or otherwise dispose of their property, with the fraudulent intent to cheat and delay their creditors; that both of the parties were insolvent; and that the collection of his claim would be endangered by delay in obtaining judgment and a return of "No property found." Brooks caused an attachment to be issued to the sheriff of Bell county and another to the sheriff of Leslie county, directing those officers to attach and hold the property of Card and Pope. This was done. Brooks and the other appellee herein, Bradley Mills, executed an attachment bond in the amount of $700. On or about the 15th of September, 1938, by agreement between Brooks and Card, upon the payment of a stipulated sum of money by Card to parties to whom he and Brooks were indebted, the entire attachment proceedings and suit were discharged and dismissed as settled by order of the Bell circuit court. The agreed judgment contains this provision:

"By agreement of parties it is expressly noted that the entry of this agreed judgment, nor any part thereof, shall be deemed a confession or admission of any sort respecting the merits of this case or any question arising out of the same."

Card brought this action against Brooks and Mills in July, 1939, to recover the sum of $935 for the alleged wrongful suing out of the attachment. He alleged that the allegations in Brooks' petition were untrue and false, and for that reason the procurement and issual of the attachment was wrongful. He set forth further that the damages which he sought to recover were incurred before the entering of the agreed judgment.

The statement of the case appearing above has been taken from Card's original petition and his amended

petition, to which a demurrer was sustained. After that ruling he declined to plead further and his petition was dismissed; hence this appeal.

Card contends that (1) the settlement of the attachment action by the payment of the debt sought to be collected did not estop him from subsequently prosecuting a suit in damages for wrongful attachment; and (2) if he be in error in this contention, his express reservation of his rights as set out in the agreed judgment would permit him to prosecute this action.

Section 259 of the Civil Code of Practice sets forth the time when an attachment shall be sustained or discharged. This section reads:

"An attachment obtained at the commencement of an action shall be sustained or discharged when judgment is rendered in action, unless, for sufficient cause, the court extend the time of deciding upon it. An attachment obtained after the commencement of an action shall not be sustained until the defendant has had the time for controverting it provided in this chapter."

Section 266 of the Civil Code of Practice provides that an order discharging or sustaining an attachment at or after judgment is final and may be appealed from. This section reads:

"An order for the discharge of an attachment, made at or after the rendition of judgment in the action, shall be final; and cannot be reinstated as is authorized by Section 270; but shall be the subject of appeal if the amount in controversy be such as to authorize an appeal. An order sustaining an attachment shall, in like manner, on the rendition of judgment in the action, be the subject of appeal."

In the case before us there was no order sustaining or discharging the attachment and Card appears to have raised no question as to it. Had the question been raised in the original proceeding, and had it been discharged or sustained, either party could have appealed from the ruling on the attachment as provided in Section 266 of the Civil Code of Practice. Mastin v. Witt's Adm'rs, 271 Ky. 176, 111 S. W. (2d) 616.

When judgment is rendered in favor of a party bringing an action and suing out an attachment, and

that judgment is paid, it is generally held that the attachment is discharged, thereby precluding any inquiry as to the sufficiency of the grounds therefor. Maynard v. Damron, 237 Ky. 793, 36 S. W. (2d) 638. The case of Farmers' & Merchants' State Bank of Hecla v. Michael, 36 S. D. 172, 153 N. W. 1008, is cited in support of the text in 7 C. J. S., Attachment, Section 540, page 672, to the effect that it is no defense to a claim for damages for wrongful attachment that the defendant settled the main action by payment of his indebtedness. It was shown in that case, however, that the defendant did not question his liability on the cause of action, but did question the right of his adversary to have his property attached. It was held that the defendant did not lose his right to review an order of the court in the attachment proceeding by settling the action after such an order had been made. As we have indicated, Card raised no question as to the suing out of the attachment by Brooks, but permitted the attachment proceedings and suit to be discharged and dismissed as settled. This he should not have done, if he cared to raise the question as to whether or not the attachment was wrongfully obtained.

We think the circumstances in the case before us are such that it did not necessarily follow that the attachment was discharged, thereby precluding inquiry as to the sufficiency of the grounds therefor, when Card settled his controversy with Brooks. It is our view that the reservation in the aforementioned agreed judgment would have permitted Card to question the attachment even after the judgment was satisfied, but this he should have done before the attachment and Brooks' action were discharged and dismissed as settled by order of the Bell circuit court.

Card cites the case of Pettit and Owen v. Mercer, 8 B. Mon. 51, in support of his contention that he should be permitted to prosecute the action now before us. We have examined that case carefully and those wherein it has been cited, and have reached the conclusion that it does not support this contention. In that case Pettit brought a suit in chancery against Mercer and obtained a judgment. Thereafter the debt, to secure the payment of which the attachment had been sued out, was "arranged." Pettit then dismissed his action. Mercer was permitted to prosecute an action against Pettit and his bondsman for damages for the alleged wrongful suing

out of the attachment. We think the turning point in that case was that the original proceeding was dismissed on motion of the plaintiff. Here we have no such circumstance. Card raised no question in the original proceeding as to the suing out of the attachment, and even after the entry of the agreed judgment he permitted Brooks' action and the attachment sued out to be discharged and dismissed as settled. Under the circumstances, we think the trial court correctly sustained the demurrer to the petition and the amended petition.

Judgment affirmed.