## Kohn et al. v. Reeves, Com'r of Revenue, et al.

Nov. 7, 1941.

766

Harvey H. Smith and W. A. Schuberth for appellants.

Clifford E. Smith and J. J. Leary for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

This suit, originally instituted by the Commonwealth on relation of the Revenue Commissioner, sought to collect about $3,000 of unpaid tax on spirituous liquors held by the Central Distributing Company, wholesale dealers in Newport, Kentucky. Upon its institution plaintiff secured an order of attachment against property of the defendant, chiefly liquors, which was sustained at the time of rendition of judgment in November, 1939.

The appellants, Kohn and others set up a claim to the attached property on the grounds that they held a mortgage on the property. The matters involved were threshed out by the court, and judgment was rendered for the full amount of taxes, interest and penalties, and it is from this judgment appeal is prosecuted. The appeal has been submitted on merits and motions which were passed to merits.

The case has had a long and tedious journey. On plaintiffs' petition it was removed to the U. S. District Court. That court upon motion remanded the case. There was a motion by defendants to discharge the attachment, which was continued for further hearing, and not passed on until rendition of judgment. While this motion was pending in the circuit court, defendants sought to have a court composed of three Federal Judges to enjoin the collection of the tax. Relief was denied and appeal was had to the Supreme Court of the

United States, which affirmed the finding. 306 U. S. 531, 59 S. Ct. 689, 83 L. Ed. 965.

Following that decision, defendants went again to the District Court seeking to have the case redocketed there; upon failure they went to the Circuit Court of Appeals (6 Cir.) for a mandatory order directing the district court to redocket and hear the case. This relief was denied; the case then proceeded to judgment in the Frankfort circuit court.

It is unnecessary to recite the various pleadings and motions in the circuit court—alleged irregular procedure being set up here as chief reasons for reversing the judgment, together with an attack on the constitutionality of the taxing act, and the jurisdiction of the Franklin court, for reasons later appearing. There is a motion by appellee to strike what is termed by appellee the tendered bill of exceptions, and a motion by appellants to strike appellees' motion from the files, the latter based on the ground that the Commissioner of Revenue (Reeves), later substituted for Martin, former Commissioner and first plaintiff, and the attorney who represented the real party, the Commonwealth, were lacking in authority to maintain or prosecute the suit, either in this or the circuit court. This motion is so lacking in merit that it is unnecessary to comment; it is noted that the record shows we had heretofore overruled appellants' motion to strike briefs of appellees, which was based on similar, if not the identical grounds. This motion is overruled.

In support of his motion counsel for appellee insists that it should be sustained because there was no filing of a motion for new trial appearing in the record, nor mention made of it in the tendered bill of exceptions. Wilson v. Louisville & N. R. Co., 257 Ky. 144, 77 S. W. (2d) 416. Counsel for appellees, perhaps, under the notion that the matter before us only involves the failure of the trial court to discharge the attachment, no motion for a new trial was necessary. Here, however, the court did not rule on the motion to discharge until final judgment, when the attachment was sustained; and the entire judgment is before us. This being the situation, we are of the opinion that appeal should be prosecuted in the same manner as is provided for other appeals. Mastin v. Witt's Adm'rs, 271 Ky. 176, 111 S. W. (2d) 616.

As we view the record the alleged bill of exceptions fails to meet legal requirements. The transcript of record does not contain any reference to a bill of exceptions, nor was one filed in proper time, nor is there any order making the evidence a part of the record, certified by the circuit clerk as being complete. What counsel for appellants apparently treated as a bill of exceptions is made a part of the bill of evidence, but it is not in any sense a bill of exceptions.

There appears in the bill of evidence (though not shown to have been filed of record) what is styled "Detailed objections of the defendants to the introduction of evidence because of lack of jurisdiction by the court of the subject matter of the parties." This paper sets out in detail all the issues raised by the pleadings, without showing rulings or objections, and recites matters occurring in the attempted removal to the federal courts, insisting that these courts had erroneously refused to take jurisdiction. The document is more in the nature of a motion for judgment on the pleadings before trial than of a bill of exceptions. It in no particular meets the legal requirements. The evidence is not made part of the record by order of court. In order to be considered by this court on appeal it was necessary to make it a part of the record. Dupoyster v. Ft. Jefferson Imp. Co's. Receiver, 121 Ky. 518, 89 S. W. 509. The rule applies in all cases whether in law, or in equity, where oral evidence is heard by the court. Asher v. Nuckols, 253 Ky. 223, 69 S. W. (2d) 331; Hembree v. Asher Coal Mining Co., 262 Ky. 698, 91 S. W. (2d) 66; Rockcastle Co. v. Bowman et al., 274 Ky. 787, 120 S. W. (2d) 385.

The assumed bill, if filed at all, was filed before and not following the trial, and is deficient in many required respects. We deem it unnecessary to further recite the defects. It is sufficient to say that the evidence is not before us for consideration; this being so the only question to be considered is whether or not the pleadings support the judgment, and after examination we are of the opinion that they do so. For rule, see Bowman and Asher cases, supra.

It follows that appellees' motion to strike is sustained, and as a consequence the judgment is affirmed.