## Savage v. Savage.

Feb. 13, 1942.

R. H. Riggs for appellant.

John F. Coldiron for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE PERRY—Reversing.

In August, 1940, the appellant, Mayme Savage, brought this action in the Greenup circuit court against the appellee, George Savage, seeking a limited or partial divorce (from bed and board), alimony, "maintenance sufficient to support herself and their three minor children" and their permanent care and custody.

Plaintiff in her petition stated that she and the defendant, George Savage, were married at Greenup, Ky., on or about November 23, 1932, since which time they, and each of them, have resided in Greenup county, Ky., and that the cause for the divorce sought and in her petition alleged occurred in Greenup county and within five years now last past.

Further she alleged that as the issue of their marriage three children were born, namely: George David Savage, six years of age, Gerald Frances Savage, four years of age, and Emma Jean Savage, eighteen months of age; also, that she was the proper person to have the care of each and all of the children and that the defendant was not properly situated to rear them.

Further she alleged that without fault or like fault on her part, the defendant has habitually behaved towards her in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy her peace and happiness; that the defendant had, within the past year, ordered her to leave his house and go to the home of her father and mother and that he had permitted his father to order her to leave; that he refuses to furnish a home for her and their children and requires them to live in the home of his father, whom he permits to order her around to such an extent that life is made unbearable for her; that, because of the abuse of her husband and his father, she was compelled to go to the home of her parents; and that defendant has refused, neglected and

still neglects and refuses to contribute anything to the support of plaintiff and their three minor children.

Further she alleged that her parents are in poor circumstances and that she has no income with which to support herself and children, but that they are all wholly dependent upon defendant for support, who refuses to help her in any manner; that defendant is a carpenter by profession, thirty-seven years of age, able-bodied, and capable of working and earning good wages, enabling him to furnish reasonable support for plaintiff and their children, but which he refuses to furnish them.

Wherefore she prayed that she be awarded a partial divorce from the defendant, "for alimony and maintenance sufficient to support herself and their minor children, both temporary and permanent, for the permanent care, custody and control of each of their minor children, for her costs herein expended, including therein a reasonable fee for her attorney herein and for all relief she may appear entitled to either in law or equity."

Defendant filed answer and counterclaim, traversing the allegations of the petition and pleading affirmatively that plaintiff left his home without cause, taking their three children with her, and that she is unfitted to care for said children but that he is prepared to furnish them a comfortable home and will do so, if given their custody.

Wherefore, he prayed that plaintiff's petition be dismissed and that he be awarded the custody of his children and all proper and general relief.

The witnesses testified in person before the chancellor, following which (the case having been heard and submitted upon the pleadings, proof and exhibits) he ordered and adjudged that "there is not sufficient evidence to authorize a *divorce* and same is denied"; and further, that plaintiff recover of defendant her costs expended, including a fee of $20 allowed her attorney. (Italics ours.)

From this judgment plaintiff has appealed, but at the outset of our consideration of her grounds urged for reversal, we are met by the motion of appellee to strike the bill of evidence, which must be sustained because of the failure of appellant to here present same as a bill of exceptions. The rule here controlling, and requiring us to sustain the motion to strike the bill of evidence, is thus

declared in Asher v. Nuckols, 253 Ky. 223, 69 S. W. (2d) 331, 332:

"When oral evidence is heard in an equity case, the evidence must be made a part of the record by a bill of exceptions prepared in the same time and manner as in ordinary cases. Dupoyster v. Fort Jefferson Improvement Co.'s [Receiver], 121 Ky. 518, 89 S. W. 509, 28 Ky. Law Rep. 504, Shannon v. Stratton, 144 Ky. 26, 137 S. W. 850. A bill of exceptions not filed in time ·cannot be considered on appeal. Nuckolls v. Illinois Cent. R. Co., 227 Ky. 836, 14 S. W. (2d) 157; and even though the bill of exceptions is filed in time, but the transcript of evidence is not, the evidence will not be considered."

To the same effect was the rule reannunciated in the case of Kohn v. Reeves, 288 Ky. 765, 157 S. W. (2d) 121, 122, where the court said:

"As we view the record the alleged bill of exceptions fails to meet legal requirements. The transcript of record does not contain any reference to a bill of exceptions, nor was one filed in proper time, nor is there any order making the evidence a part of the record certified by the circuit clerk as being complete. * * * The evidence is not made part of the record by order of court. In order to be considered by this court on appeal it was necessary to make it a part of the record. * * * The rule applies in all cases whether in law, or in equity, where oral evidence is heard by the court."

See also to like effect Oeltjen v. Oeltjen, 251 Ky. 739, 65 S. W. (2d) 1004; Martin v. Richardson, 94 Ky. 183, 21 S. W. 1039, 19 L. R. A. 692, 42 Am. St. Rep. 353; Harned v. Layman, 283 Ky. 460, 141 S. W. (2d) 857; Feltner v. Smith, 283 Ky. 783, 143 S. W. (2d) 505.

The transcript of evidence having for such ground and reason been stricken from the record, the only question remaining for our consideration is whether the pleadings are sufficient to support the judgment.

In our consideration of this question, we are concerned primarily with appellant's petition even though its every allegation was denied by appellee's answer.

The appellant by her petition (as set out above) sought only the specific relief of a limited divorce from

her husband or "separation from bed and board," which is expressly defined and provided for in Section 2121, Kentucky Statutes, as follows:

"Judgment for separation or divorce from bed and board may also be rendered for any of the causes which allow divorce, or for such other cause as the court in its discretion may deem sufficient."

The judgment here complained of did not deny appellant a divorce from bed and board which was expressly prayed for, but adjudged that "there is not sufficient evidence to authorize a divorce" and same was denied her.

Plaintiff's petition, seeking but a limited divorce, entitled her to have the question of her right to that specific relief sought adjudged. But this right to have such adjudication made upon her petition, praying for only a partial divorce and support for their infant children, was not given her by the chancellor's adjudication made, denying her an absolute divorce, without any order respecting the children's right to maintenance, as the court might well have found that evidence was insufficient to warrant granting her an absolute divorce but was sufficient to have entitled her to a limited divorce "for such other cause as the court * * * may deem sufficient," as is provided by the above-cited Section 2121, Kentucky Statutes.

Such being the character of the relief sought by plaintiff's petition and the court having failed in its judgment to rule upon her right to that relief, but adjudged that the evidence was insufficient to warrant her obtaining an absolute divorce, which was not sought nor sued for by her, the judgment in such respect was clearly improper and for such reason, it is our conclusion, it can not be held to be supported by the pleadings.

Further, we regard the judgment as defective in failing to rule upon the important matter presented of the defendant father's duty to make some contribution towards the support and maintenance of the wife and his infant children, under the circumstances alleged and set out in plaintiff's petition and undenied by defendant, he only answering that he was prepared to furnish these dependent infants, his children, a home and support, if their custody was given to him.

Clearly his responsibility to make contribution to the support and maintenance of these children of tender years could not be answered or met by his merely laying down the condition upon which he would perform the paternal duty and obligation resting upon him to contribute to their support and maintenance, especially where the mother was herself dependent and without means to provide for them.

We may further here state, under the ruling made in the case of Lewis v. Lewis, 224 Ky. 18, 4 S. W. (2d) 1106, that the court having remained silent and failed to make any adjudication upon the right of these infant children to receive maintenance and support from their father, which maintenance and support by him was expressly set out and prayed for in plaintiff's petition, its judgment should be construed as an adjudication that the children were not entitled to receive contributions for their support from him.

It is therefore our conclusion, for the reasons above indicated, that the judgment herein rendered must be reversed as same was not supported by the pleading and, further, that it was inappropriate in failing to make any adjudication as to the right of the infant children to receive and the obligation of the father to furnish them reasonable support and maintenance.

It further appears by brief of counsel for appellant that since her separation from appellee, another child has been born to her as the issue of their marriage. This fact, upon the remand of the case, should be set up by an amended petition and if issue is joined thereon, proof should be heard to the end that, if the child's legitimacy is established, its need and right to support by its father may be taken into consideration and included in the order the learned chancellor is instructed to make providing for their support, by awarding such sum as is appropriate to the determined financial circumstances of the parties.

For the above reasons, the judgment is reversed and the cause remanded with directions to make an adjudication upon the appellant's right to be granted the divorce from bed and board and that of the children to be awarded an allowance for their support, as consistent with this opinion.