## Anderson Bros. Corporation v. Flynn.

March 8, 1949.

H. B. Best, and A. H. Barker for appellant.

Lewis A. White for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

The action below arose under the Fair Labor Stand-

ards Act, Section 201 et seq. of Title 29 U.S.C.A. A trial resulted in a directed verdict in favor of appellee, and from a judgment in accord appeal is prosecuted. Our records show that heretofore we sustained appellee's motion to strike the bill of exceptions and transcript of evidence, consequently the question is whether or not the pleadings support the judgment. Kohn v. Reeves, 288 Ky. 765, 157 S.W.2d 121; Sapp v. Likens, 301 Ky. 445, 192 S.W.2d 394.

Appellee sought to recover a stated total sum for overtime, Sunday work and per diem allowance in lieu of expenses, and an attorney's fee. He alleged that defendant was at all times during his employment engaged in Interstate Commerce, in constructing a pipe line through Montgomery and other Kentucky counties for transmission of natural gas from Kentucky to Ohio and other states, and employed more than ten persons. The U. S. Supreme Court has held that the facilities worked on need not be employed in commerce during construction, if their ultimate use is to be in Interstate Commerce. Pedersen v. John F. Fitzgerald Construction Co., 318 U.S. 740, 742, 63 S.Ct. 558, 87 L.Ed. 1119; Overstreet v. North Shore Corporation, 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 65; Walling v. McCrady Construction Co., D. C., 60 F.Supp. 243.

Appellee alleges that by way of facilitating such construction work "the defendant maintained an office in Mt. Sterling, where plaintiff was engaged in interstate commerce in the performance of work and labor at the daily and hourly direction of defendant, operating under the Act," and summarizes his duties as follows: (1) Preparing invoices, receiving report on goods purchased in Kentucky. (2) Preparing invoices and reports on material and equipment purchased outside the State. (3) Preparing purchase orders addressed to firms outside of Kentucky for supplies, and sending same to the Houston, Texas home office. (4) Preparing and auditing payrolls, drawing payroll checks on a Houston Bank, and mailing correspondence prepared by plaintiff in performance of his duties, and delivering same to the United States postal authorities.

Plaintiff alleged that his salary or wage was $75 per week, on a basis of 40 hours per week, which he breaks

down into hours worked so as to fix his alleged overtime, and alleges that he had not been paid for overtime or other claimed items. Appellant demurred and without waiving, first denied all allegations of the petition and further answering admitted that plaintiff was employed from the 17th day of August to September 23, 1945, but only in a bona fide administrative, executive and professional capacity, as defined in Sec. 541.2 of the Rules and Regulations implementing the Act, and performed non-manual work on a salary basis of $74 per week; that during the time he exercised discretion and independent judgment in performance of his assigned duties, and was fully paid for all services. The affirmative allegations of the answer were controverted.

Appellant in brief chiefly contends that appellee, required to carry the burden, failed to prove that appellant was engaged in Interstate Commerce; that since there was a conflict in the evidence as to the nature of Flynn's employment, the question should have been submitted to the jury; that appellee was not to work overtime, and should not recover for work assigned to him for which he was to receive and did receive an agreed salary. The answer to these contentions could only be reached from a survey of the evidence, which, as noted, has been eliminated except in one instance.

There is in the clerk's transcript filed by proper order, the deposition of an employee (auditor) of the corporation who testified. He said that he had employed Flynn, who after he had learned the business was to become office manager; that he did act as such for a few days until Osborne came in as manager. He said that Flynn's duties were as set out in the petition; that he performed clerical and stenographic work; "he was a routine office worker" and exercised no discretion or judgment in the work assigned to him.

Appellant in brief contends that the act itself excludes appellee from its benefits, because by his pleading he brings himself within certain exemptions; particularly that it does not apply to one who acts in a bona fide administrative, executive or professional capacity, and is compensated by a salary or on a fee basis, at figures fixed in the various exempting clauses. As we read the portions quoted from the act it appears that there are

exempted those who regularly and directly assist a bona fide executive or administrative officer, or who performs under general supervision work directly related to management policies, requiring special training, experience or knowledge, or who under general supervision performs tasks related to management, policies or general business operations. In each instance, such work as is performed by the employee, must be accompanied by the exercise of discretion and independent judgment. Appellee's pleading takes him out of these classifications, and we are unable in the absence of proof to say whether or not appellant proved appellee to come within their scope, or vice versa. The only proof in the record shows that he had no right to exercise discretion or judgment, and this was pleaded.

Under the Labor Board's construction of the Act, as is shown by a bulletin filed in the record, (Interpretive Bulletin published in Fed. Register July 11, 1947, F. R. 4583) the Board construes the act as applicable to a large number of employees, such as watchmen, maintenance men, repair workers, etc., including clerks and stenographers.

The Bulletin makes clear what was intended, and what seems to be the provision of the Act, as to wages or salary. The limitation does not apply alone to one working on an hourly wage. The requirement of Section 6 of the Act, 29 U.S.C.A. Sec. 206, as to minimum wage is that the employee shall be paid at a fixed minimum rate per hours; whatever the basis of pay, the employee if not in the exempted class, must receive at least the minimum hourly rate.

However, we do not deem it necessary, to discuss further the Act or its meaning or application, since we conclude that the pleadings support the judgment, and we must assume that the omitted proof, conflicting as appellant says it was, justified the court in directing a verdict for appellee. We may add that we are aware of our opinion in Fultz v. United States Trust Co., 302 Ky. 493, 195 S.W.2d 87, wherein we upheld the trial court in sustaining a demurrer to appellant's petition, which we found not to state a cause of action. The petition here is more complete and far-reaching. Our conclusion is that the judgment must be and it is affirmed.